LEMMON, Judge.
In this appeal from a judgment awarding damages for injuries sustained by Paul Menasco, defendants question only the amount of general damages assessed. Plaintiffs answered, seeking an increase.
The eight-year-old boy was struck by defendants’ car while he was riding a bicycle on September 13, 1973. He sustained fractures of the tibia and fibula a few inches above the ankle joint, numerous bruises and contusions, and loosening of several teeth. He also experienced blockage of the ears.
After the leg fracture was reduced under anesthesia, the boy was confined to bed at home in a cast, then was allowed to move about in a wheel chair, and eventually resumed weight hearing on crutches and undertook prescribed physical therapy. He returned to school in January with limited mobility. On August 9, 1974, the orthopedic surgeon discharged the boy with a prognosis of eventual complete return of joint motion and muscle strength, with no permanent residual disability, although he was still experiencing hip pain at the time of discharge.
A hearing test the month after the accident revealed a loss of hearing of high tones in both ears, a loss which the otolaryngologist considered negligible as to any effect on the child’s ability to hear spoken words. While the doctor opined that the hearing loss from the injury would not improve or worsen, he pointed out that there was a definite present loss in both ears and that the additional loss of hearing incident to the normal aging process would cause the boy’s hearing in later years to be a little worse than that of an average male of the same age.[1]
A pediadontist testified that the boy complained for several weeks after the accident of considerable discomfort from the trauma to the teeth. He treated the boy for six months, noting at that time that there was some diminishing vitality, which did not approach the point of necrosis. He advised periodic checking until the teeth were fully developed, but was optimistic that there would be no permanent damage.
Total medical bills amounted to over $1,000.00.
On appeal defendants contend that the trial judge abused his discretion in assessing $20,000.00 in general damages for these injuries, none of which caused any substantial permanent disability. We disagree.
The hearing loss, though of minor consequence at the youngster’s present age, will cause him to have less than normal hearing in later life. The injury to the teeth, in addition to causing substantial pain after the accident, will continue to *743 require frequent precautionary examinations and apprehension of necrosis until maturity. The leg fracture caused considerable early pain, anguish and inconvenience, and was still causing some associated pain and atrophy one year after the accident.
While we may have affirmed a lesser award, as was done in the cases cited by defendants, we cannot say that this award was so excessive as to constitute an abuse of the much discretion accorded the trial judge by C.C. art. 1934(3). Neither can we say, however, on the basis of this record that the award was so inadequate as to constitute an abuse of discretion.
The judgment is affirmed.

AFFIRMED.

. The doctor testified:
“(I)t is a definite hearing loss in both ears of what we would consider a slight degree but as he gets older he will lose a little hearing through the normal processes of aging as each person does decade after decade so that a sixty year old man would normally have hearing about like lie lias now. So Ms hearing is comparable to a fifty to sixty year old man so his hearing would be a little worse when he’s fifty or sixty than the average male . . . .”
(Emphasis supplied)