GARRISON, Judge.
This is an appeal from the judgment of the district court rendered in conformity with a jury verdict, granting to plaintiff, Elmore Johnson, on behalf of his minor son, Elmore Johnson, Jr., damages in the amount of $18,775.00, plus interest and costs including expert fees in the amount of $150.00. The damages arise out of an incident which occurred on April 25, 1977, when Elmore Johnson, Jr. was hit by a bicycle ridden by Adrien Tate, the minor son of Elvorn Tate. From that judgment, which we affirm, defendants appealed.
On appeal, defendants contend that they should have been granted a mistrial when the trial judge erroneously made prejudicial comments on the testimony and that the amount of damages awarded is excessively high.
During the course of Adrien Tate’s testimony,[1] the trial judge made the following comments in front of the jury:
“Now, young man, the Court feels that it’s its duty to remind you that you are under oath. This Court finds it difficult to believe that you and your friend, who was a good friend of yours, were involved in an accident and didn’t say anything to him about this accident since the time it happened?”
THE WITNESS:
“No, I do not see him that much.
THE COURT:
“You never said anything?
THE WITNESS:
“No.
THE COURT:
“You don’t want to retract that statement and—
MR. SIMON:
“I have a statement to make outside of the jury.
MR. ORRILL:
“I have no further question of this witness. I would like to mark the photograph that this witness has identified as P-5. I will file, offer and introduce it.
THE COURT:
“The jury is excused.”

When the jury returned, the trial judge stated:
“Ladies and Gentlemen of the jury, I specifically admonished this witness about the oath that he had taken solely because he is a minor and may not know that he could be punished for perjury. And I felt that it was the Court’s duty to admonish him about that. You are not to take into consideration, as I told you before the trial, again any opinion of the Court.
“Proceed.
MR. ORRILL:
“Your Honor, I believe I had finished with this witness. I had offered, filed and introduced the photograph and marked same as P-5 and ask the Court to rule.
MR. SIMON:
*779 “You Honor, I would, in an effort to try and do this expeditiously, I would renew my motion that I just recently made in light of the Court’s explanation to the jury. As far as the photograph is concerned, defendant has no objection to its introduction.
THE COURT:
“What Counsel was saying is that he is renewing his declaration for a mistrial. As I had done before, I now deny the motion. With reference to the photograph, he has no objection, is that correct, then the photograph is admitted into evidence. You may pass it to the jury at this time or you may wait until some other time that you deem appropriate.” (Tr. 37-44)
While the trial judge may have committed a “borderline” error in commenting upon the testimony in the manner in which he did, upon our independent review of the record, we find that the comment had little, if any, effect on the jury. If the trial judge’s comment was indeed an error, then we find that the error was harmless because it did not affect the outcome of the case. In the instant appeal, there is more than enough testimony indicating that the younger Tate was racing his bicycle at a fast rate of speed when he crossed from the street onto the sidewalk where he hit El-more Johnson, Jr. Even if the trial judge had not made the comments in dispute, the jury would have still found Tate negligent. Accordingly, defendant’s argument is without merit.
Turning to the issue of quantum, we note the following:
Elmore Johnson, Jr. suffered a fractured tibia of the right leg, was hospitalized for 6 to 10 days[2], and wore a hard plaster cast for two months during which he used a wheel chair. He was treated as an outpatient at Charity Hospital for 7 months and was still experiencing pain a year after the accident. Dr. Stuart Phillips gave Johnson a rating of 5% permanent disability.
Plaintiff-appellee argues that the amount awarded is not clearly erroneous, citing Reck v. Stevens, 373 So.2d 498 (La.1979), and Menasco v. Peyton, 328 So.2d 741 (La.App. 4th Cir., 1976). We agree.
In Menasco, this court upheld an award of $20,000.00 where an eight-year old boy suffered a fractured leg as well as some slight hearing loss and dental problems.
We note that the restriction of movement necessitated by an injury of this type works a greater hardship, both physically and mentally, on an active, athletic youngster than on a more sedentary adult.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

. We note that some authorities on legal writing and opinion writing hold that it is improper to quote testimony in an opinion. Because paraphrasing of testimony may be imprecise and misinterpreted and because the trial transcript is often not easily available to the reader, we feel that we must here provide direct quotes from the transcript for the convenience of the reader.

. Testimony varies.