332 So.2d 15 (1976)
Carolyn WOOTEN, Appellant,
v.
STATE of Florida, Appellee.
No. 47635.
Supreme Court of Florida.
April 7, 1976.
Rehearing Denied May 28, 1976.
*16 Judge C. Luckey, Jr., Public Defender; and Paul Sidney Elliott, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Davis G. Anderson, Jr., Asst. Atty. Gen., for appellee.
HATCHETT, Justice.
This appeal is taken from a judgment of conviction entered in the County Court of Hillsborough County. The prosecution began with the filing of Florida Uniform Traffic Citation 862-714K, in accordance with the procedure approved in Hurley v. State, 322 So.2d 506 (Fla. 1975). Appellant Wooten was originally charged with driving while under the influence of alcoholic beverages, in violation of Fla. Stat. § 316.028(1) (1974 Supp.) but on her motion the charge was reduced at trial to driving with an "unlawful blood alcohol level", which is a violation of Fla. Stat. § 316.028(3) (1974 Supp.). The defense challenged as unconstitutional the statute[1] and rule[2] which forbid withholding adjudication of guilt in such cases; after a bench trial, Judge Johnson rejected this challenge and adjudicated appellant guilty. We have jurisdiction, pursuant to Fla. Const. art. V § 3(b)(1) (1973). Singletary v. State, 322 So.2d 551 (Fla. 1975); Hurley v. State, supra; Williston Highlands Development Corp. v. Hogue, 277 So.2d 260 (Fla. 1973).
Appellant Wooten raises no question as to the conduct of the trial which eventuated in her conviction and does not question the propriety of the sentence imposed in consequence of the conviction. Her complaint is that the trial court was deprived, both by statute and by court rule, of discretion to withhold adjudication of guilt, once the prosecution had established her guilt beyond a reasonable doubt. We limit our consideration to that issue. Appellant urges that both Fla. Stat. § 322.281(1) (1974 Supp.) and Traffic Court Rule 6.290(a), be declared unconstitutional on state and federal grounds. We perceive no constitutional deficiency either in Section 322.281(1) or in Rule 6.290(a), however, and accordingly affirm the judgment of conviction.
As regards both the rule and the statute, appellant contends she has been denied equal protection of the laws as a federal constitutional matter because a trial court is free to withhold adjudication of guilt in cases where such serious crimes as murder, rape and robbery have been proven, while conviction is mandatory in drunken driving cases. For the same reasons, appellant urges that Fla. Stat. § 322.281(1) (1974 Supp.) cannot stand consistent with Fla. Const. art. I, § 2 (1973) (All natural persons are equal before the law... .)
The punishments prescribed by Fla. Stat. § 316.028(4) (1974 Supp.) are progressively *17 more severe for subsequent offenses occurring within specified times after an initial violation. Subsection four prescribes the following penalties for the crime of which appellant stands convicted:
(a) For first conviction thereof, by imprisonment for not more than 90 days or by a fine of not more than $250, or by both such fine and imprisonment.
(b) For a second conviction within a period of 3 years from the date of a prior conviction for violation of this section, by imprisonment for not less than 10 days nor more than 6 months and, in the discretion of the court, a fine of not more than $500.
(c) For a third or subsequent conviction within a period of 5 years from the date of conviction of the first of 3 or more convictions for violations of this section, by imprisonment for not less than 30 days nor more than 12 months and, in the discretion of the court, a fine of not more than $500.
No attack is made as such on this scheme of progressively more severe punishments. The legislature has broad discretion in prescribing punishments for crime, as long as the punishment is not cruel or unusual. Owens v. State, 316 So.2d 537 (Fla. 1975); Dorminey v. State, 314 So.2d 134 (Fla. 1975). See Note, The Supreme Court, 1973 Term, 88 Harv.L.Rev. 13 (1974) ("The state clearly has a strong interest in making legislative judgments concerning the appropriate punishment for various classes of crime, and it is difficult to describe as over- or underinclusive a legislative purpose to impose a particular penalty on a defined group of criminals." At 111.)
Under accepted rules of statutory construction, Fla. Stat. §§ 316.028 and 322.281 (1974 Supp.) should be read in pari materia, because they govern different facets of the same subject matter. 30 Fla. Jur., Statutes § 114 (1974). The requirement that offenders who have been proven guilty be so adjudged is part and parcel of the legislative scheme to discourage drunken driving by authorizing progressively harsher sentences for multiple offenders. In order for a repeat offender to be subject to enhanced punishment for subsequent offenses under Fla. Stat. § 316.028(4) (1974 Supp.), there must have been at least one previous conviction under Fla. Stat. § 316.028(3) (1974 Supp.) Section 316.028 does not authorize stiffer punishment in the absence of a prior adjudication of guilt; previous entry of a judgment of conviction is the necessary precondition.
In light of the legislative history,[3] the requirement of mandatory adjudication manifests, if anything, a legislative intent to ensure equal protection of the laws. If Fla. Stat. § 316.028 (1974 Supp.) stood alone, the multiple offender who succeeded in avoiding formal adjudication, in three previous prosecutions, could not be punished as severely as the drunken driver whose single previous offense resulted in conviction. For this reason, the legislature might have concluded that failure to require adjudication would have permitted unjust disparities in the punishment authorized for subsequent offenders. When by court rule the Court also adopted the mandatory adjudication requirement for drunken driving offenses, the Court aligned itself with the legislature and approved the view that classifying drunken driving offenders in this manner served a rational state purpose. We are not persuaded otherwise today.
Appellant asserts an additional state constitutional defect, contending "that *18 Florida Statute 322.281(1) is an encroachment by the Legislature upon an inherent power of the Judiciary violative of the Separation of Powers Doctrine." Brief of Appellant, p. 5. This argument does not take account of the fact that this Court had adopted the identical requirement for mandatory adjudication in drunken driving cases. Rule 6.290(a), Rules of Practice and Procedure For Traffic Courts. If the statute is ineffective because the subject matter is appropriate only for court rule, as appellant contends, it does not follow that the requirement for mandatory adjudication is invalid, since the requirement is also embodied in Rule 6.290(a), supra.
In these circumstances, it would serve no useful purpose to decide whether Section 322.281 is an "encroachment ... upon an inherent power of the" judicial branch. Cf. State v. Smith and Figgers, 260 So.2d 489 (Fla. 1972). In accordance with long established principles, we refrain from the unnecessary decision of this constitutional question. Williston Highlands Development Corp. v. Hogue, 277 So.2d 260 (Fla. 1973) ("It is a fundamental principle that Courts will not pass upon the validity of a statute where the case ... may be disposed of upon any other ground." At 261.); Overstreet v. Blum, 227 So.2d 197, 199 (Fla. 1969). See State v. Aiuppa, 298 So.2d 391 (Fla. 1974); Campbell v. Johnson, 182 So.2d 244 (Fla. 1966); Brewer v. Gray, 86 So.2d 799 (Fla. 1956); Waybright v. Duval County, 142 Fla. 875, 196 So.2d 802 (1940); Williams v. Dormany, 99 Fla. 496, 126 So. 117 (1930); Richardson v. Hardee, 85 Fla. 510, 96 So. 290 (Fla. 1923); Campbell v. Skinner Mfg. Co., 53 Fla. 632, 43 So. 874 (1907).
The judgment is affirmed.
OVERTON, C. J, and ROBERTS, ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.
NOTES
[1] Subsection one of Fla. Stat. § 322.281 (1974 Supp.) provides, as follows:

Notwithstanding the provisions of s. 948.01, no court shall withhold adjudication of guilt or imposition of sentence for the offense of driving, or being in actual physical control of, a motor vehicle while having an unlawful blood alcohol level or while under the influence of alcoholic beverages, model glue, or any substance controlled by chapter 893.
[2] Similarly, Rule 6.290(a), Rules of Practice and Procedure for Traffic Courts, provides, as follows:

Pursuant to the provisions of section 322.281 of Florida Statutes, no court shall withhold adjudication of guilt or the imposition of sentence for the offense of driving or being in actual physical control of a motor vehicle, while having an unlawful blood alcohol level or while under the influence of alcoholic beverages, model glue, or any substance controlled by chapter 893 of Florida Statutes.
[3] The legislature passed Section 316.028 and Section 322.281 at the same session and as part of the same legislative enactment, viz., Fla.Laws, ch. 74-384.