699 So.2d 339 (1997)
James RAULERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-710.
District Court of Appeal of Florida, Fifth District.
September 26, 1997.
James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
James Raulerson (defendant) appeals his judgment and sentence for felony driving while license suspended, claiming that section 322.34(1) of the Florida Statutes (1995) unconstitutionally permits the trial court to determine whether the offense is a misdemeanor or a felony. We affirm.
The defendant was charged with the offense of driving while his license was suspended in violation of section 322.34 of the Florida Statutes (1995). The state prosecuted the offense as a felony, relying upon the fact that the defendant had three prior convictions for the same offense. The defendant filed a motion to dismiss the charge, asserting that section 322.34(1) was unconstitutional. The trial court denied the motion, and the defendant thereafter entered a plea of nolo contendere after specifically reserving his right to appeal the denial of his dismissal motion. The trial court then adjudicated the defendant guilty of the felony offense of driving while license suspended and imposed sentence.
Section 322.34(1) of the Florida Statutes (1995) provides that a driver, upon a third or subsequent conviction for driving with a suspended license, is guilty of committing a third-degree felony:
322.34 Driving while license suspended, revoked, canceled, or disqualified.-
(1) Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, and who drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(b) A second conviction is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

*340 (c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The defendant argues that whether an accused has been "convicted" under the statute depends upon whether or not the trial court exercised its discretion to withhold an adjudication of guilt. In this regard, the defendant maintains that if the trial court withholds a defendant's adjudication of guilt following either a guilty verdict or plea on the charge of violating section 322.34(1), then that charge would not constitute a prior "conviction" for purposes of enhancement under the statute. He further asserts that since the trial court is vested with discretion pertaining to the decision whether to withhold an adjudication of guilt, the statute must be struck down as unconstitutional because the delegation of such legislative power to the trial court violates Article 2, section 3 of the Florida Constitution. We disagree.
In determining whether a statute is constitutional we must resolve all doubts in favor of the statute's constitutionality. State v. Stalder, 630 So.2d 1072 (Fla.1994). In doing so, we must give the statute a fair construction that is consistent with the constitution and legislative intent. Id. at 1076. Applying these rules of construction to the instant case, the defendant's argument fails.
The dispositive issue here is whether a defendant's violation of section 322.34(1) constitutes a conviction when the sentencing court decides to withhold an adjudication of guilt instead of entering a judgment against the defendant. If the answer is yes, then the defendant's argument fails because all prior violations of the statute would count in determining whether the violation is a felony.
By embracing the concept of withholding adjudication, Florida courts have created some confusion because there is uncertainty as to the meaning and ramifications of such a disposition. However, our supreme court has made it clear that one may be "convicted" without being adjudicated guilty:
[T]he term "conviction" means a determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court. It is important to distinguish a "judgment of conviction" which is defective unless it contains an adjudication of guilt.
State v. Gazda, 257 So.2d 242, 243-244 (Fla. 1971).
The above definition is consistent with rule 3.701(d)(2) of the Florida Rules of Criminal Procedure, which provides:
"Conviction" means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.
In Smith v. Bartlett, 570 So.2d 360 (Fla. 5th DCA 1990), rev. denied, 581 So.2d 1310 (Fla.1991), Judge Harris aptly noted that, after Gazda, the term "conviction" was similarly defined and applied in other contexts. See Jones v. State, 502 So.2d 1375 (Fla. 4th DCA 1987)(adjudication withheld is a conviction for double jeopardy purposes); Johnson v. State, 449 So.2d 921 (Fla. 1st DCA), rev. denied, 458 So.2d 274 (Fla.1984) (an adjudication withheld constitutes valid impeachment evidence).
A common sense reading of the instant statute indicates that the legislature intended the term "conviction" to mean a determination of a defendant's guilt by way of plea or verdict. There appears to be no requirement that there be an adjudication. The obvious legislative intent of section 322.34 is to increase the penalty for repeat violations of the statute. The legislative goal is accomplished by application of the Gazda definition of conviction. Accordingly, we conclude that the statute is constitutional.
AFFIRMED.
GRIFFIN, C.J., concurs.
HARRIS, J., concurs and concurs specially, with opinion.
HARRIS, Judge, concurring and concurring specially.
I concur in the opinion of Judge Antoon. I write to more directly address the contention of the appellant. This seems appropriate *341 since this has become a "hot issue" of the day.
Raulerson relies on Wooten v. State, 332 So.2d 15 (Fla.1976), another case involving a criminal offense which provides for progressively more severe sentences for subsequent like offenses. Wooten requires that formal adjudications are essential in order to authorize the imposition of the progressive sentences. The Wooten court held:
The requirement that offenders who have been proven guilty be so adjudged is part and parcel of the legislative scheme to discourage drunken driving by authorizing progressively harsher sentences for multiple offenders. In order for a repeat offender to be subject to enhanced punishment for subsequent offenses under Fla. Stat. § 316.028(4) (1974 Supp.), there must have been at least one previous conviction under Fla. Stat. § 316.028(3) (1974 Supp.) Section 316.028 does not authorize stiffer punishment in the absence of a prior adjudication of guilt; previous entry of a judgment of conviction is the necessary precondition.
Id. at 17.
Although the requirement for a formal adjudication was contained in the DWI statute then under review (and is not a requirement of the statute involved in our case), the supreme court indicated in Wooten that classifying drunken driving offenders differently by not permitting withholding of adjudication was justified in order to ensure equal protection of the law. The court held:
In light of the legislative history, the requirement of mandatory adjudication manifests, if anything, a legislative intent to ensure equal protection of the laws. If Fla. Stat. § 316.028 (1974 Supp.) stood alone, the multiple offender who succeeded in avoiding formal adjudication, in three previous prosecutions, could not be punished as severely as the drunken driver whose single previous offense resulted in conviction. For this reason, the legislature might have concluded that failure to require adjudication would have permitted unjust disparities in the punishment authorized for subsequent offenders. When by court rule the Court also adopted the mandatory adjudication requirement for drunken driving offenses, the Court aligned itself with the legislature and approved the view that classifying drunken driving offenders in this manner served a rational state purpose. We are not persuaded otherwise today.
Id.
Although the supreme court ruled in Wooten that because the DWI statute provided for progressively more severe sentences for repeat offenders and thus justified the mandatory adjudication requirement in order to ensure equal protection of the laws, it did not specifically hold that mandatory adjudication should be required in all cases in which a progressive sentencing scheme is employed. But because the suspension of licenses often results from convictions for drunken driving, the policy reason mentioned in Wooten seems every bit as relevant in driving with license suspended cases. Should not, therefore, the court also require, even though the statute is silent, mandatory adjudications in driving with license suspended cases in order to ensure equal protection of the laws? This issue is not before us because it is not the basis of Raulerson's appeal. Instead, Raulerson urges that because the trial court has discretion to withhold adjudication in this case, thus permitting the trial judge to determine whether a misdemeanor or felony has been committed, the legislature has violated the separation of powers doctrine by permitting the court to "legislate" what is and what is not a felony. The statute before us provides that a third or subsequent "conviction" for driving with license suspended will constitute a felony of the third degree. Raulerson urges that, consistent with Wooten, this "conviction" must be a formal adjudication of guilt and that the decision to adjudicate rests solely with the trial judge.
Raulerson's position on appeal, therefore, depends entirely on whether there must be an adjudication of guilt for this third offense of driving with license suspended in order to enhance the offense from a misdemeanor to a felony. Even though consistency with Wooten might require a formal adjudication for the qualifying offenses (the first two offenses), would it necessarily follow that there *342 must also be an adjudication for the sentence which is based on those qualifying offenses? I think not. In the case of the third offense, the defendant is not being tried for the misdemeanor of driving with license suspended. He is now being tried for a felony which consists of two elements: (1) driving with license suspended and (2) having twice been convicted of the same offense (it is these convictions that might require the formal adjudications).[1] The lesser included offense to the felony charge (merely driving with license suspended), whether the defendant pleads to or is found guilty by the fact finder of felony driving with license suspended, will never be before the court for sentencing. There is no equal protection problem created by not requiring formal adjudication of the third offense because everyone who is held accountable for the charged felony, whether adjudicated or not, is sentenced as a felon. Formal adjudication for the third offense is, in my view, also irrelevant in determining whether the offense is a felony or misdemeanor. I believe it was the clear intent of the legislature that a felony is committed if the defendant thrice violates the driving with license suspended statute. Therefore, the mere sentencing for the felony, even if adjudication of guilt of the felony is withheld, should be ample "conviction" of the included third offense of driving with license suspended to fulfill the requirements of section 322.34(1)(c). This is an appropriate case, as indicated by the majority opinion, in which to apply the supreme court's distinction between a conviction and an adjudication of guilt.
NOTES
[1] It is not argued that there were not formal adjudications of the qualifying offenses in our case.