703 So.2d 1174 (1997)
STATE of Florida, Appellant,
v.
Albert Michael GLOSTER, Appellee.
No. 96-4559.
District Court of Appeal of Florida, First District.
December 18, 1997.
Rehearing Denied January 9, 1998.
Robert A. Butterworth, Attorney General; Mark C. Menser, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellee.
WEBSTER, Judge.
The state seeks review of an order dismissing an information charging a violation of section 322.34(1)(c), Florida Statutes (1995), because the trial court concluded that the statute unconstitutionally delegated legislative power to the judiciary. The state contends that the trial court's order was based *1175 upon flawed reasoning, and that the statute does not involve an unconstitutional delegation of legislative power to the judiciary. We agree and, accordingly, reverse.
To the extent relevant, section 322.34(1), Florida Statutes (1995), reads:
(1) Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, ... and who drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(b) A second conviction is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The state filed an information in which it charged (1) that appellee drove a motor vehicle upon the highways of this state on April 3, 1996, while his license or privilege to drive was canceled, suspended or revoked; (2) that, on that date, appellee had two previous convictions for driving while his license or privilege to drive was canceled, suspended or revoked; and (3) that, therefore, appellee was guilty of a violation of section 322.34(1)(c), Florida Statutes (1995). Appellee responded by filing a motion to dismiss, claiming that section 322.34(1)(c) is unconstitutional because it delegates to the judiciary the legislative power to determine whether conduct such as appellee's will be treated as a misdemeanor or a felony.
Both in his motion, and at the hearing on the motion, appellee relied exclusively upon the rationale set forth in State v. Santiago, 4 Fla. L. Weekly Supp. 220 (Fla. 17th Cir.Ct. Aug. 2, 1996). In Santiago, the circuit judge dismissed an information charging a violation of section 322.34(1)(c), concluding that the statute unconstitutionally delegated a legislative power to the judiciary. The gist of the judge's rationale is contained in the following paragraph:
Because [section 322.34(1)(c) ] requires an adjudication of guilt for the conduct to be punishable as a felony, and because § 948.01, Fla. Stat., allows this Court to withhold adjudication of guilt, this Court has the unbridled discretion to make the Defendant's conduct a felony or a misdemeanor by simply exercising its discretion regarding the withholding of adjudication of guilt. The Legislature has the sole authority and responsibility to make the criminal laws, including classifying transgressions of the criminal law as either a felony or a misdemeanor. It is an unconstitutional delegation of the legislative power to grant to this Court the power to make the Defendant's conduct punishable as a felony or a misdemeanor by this Court exercising its discretion to withhold adjudication of guilt.
Id. at 221. In granting appellee's motion to dismiss, the trial court announced that it was adopting the rationale in Santiago. This appeal follows.
The flaw in the rationale employed in Santiago consists of the belief that, by withholding adjudication in a case where the defendant is charged with a violation of section 322.34(1)(c), the result will be that the defendant's conduct will be treated as a misdemeanor, rather than a felony. This appears to be based on a misperception regarding the effect of a decision to withhold adjudication of guilt.
Section 948.01(2), Florida Statutes (Supp.1996), is the source of the power to withhold adjudication of guilt. To the extent relevant, it reads:
If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place him upon probation.
*1176 A judge may withhold an adjudication of guilt only if the defendant is placed on probation. Fla. R.Crim. P. 3.670. Section 948.06(1), Florida Statutes (1995), addresses the power of a court when it concludes that a defendant has violated the conditions of probation. Upon such a finding,
the court may revoke, modify, or continue the probation ... or place the probationer into community control. If such probation... is revoked, the court shall adjudge the probationer ... guilty of the offense charged and proven or admitted, ... and impose any sentence which it might have originally imposed before placing the probationer... on probation....
Pursuant to this statutory scheme, a defendant who has adjudication of guilt withheld and successfully completes the term of probation imposed "is not a convicted person." Thomas v. State, 356 So.2d 846, 847 (Fla. 4th DCA), cert. denied, 361 So.2d 835 (Fla.1978). However, if probation is revoked, the defendant must be adjudicated guilty of the charged offense. § 948.06(1), Fla. Stat. (1995).
Applying the foregoing statutory scheme to the issue at hand, it becomes apparent that there are two possible alternatives when one charged with a violation of section 322.34(1)(c) has adjudication of guilt withheld and is placed on probationeither the term of probation will be successfully completed, in which event the defendant will not have been convicted at all; or probation will be revoked, in which case the defendant must be adjudicated guilty of a violation of section 322.34(1)(c), and sentenced accordingly. Treating the charge as a misdemeanor (as Santiago suggests) is simply not an available alternative. Thus, it is clear that section 322.34(1)(c) does not have the effect ascribed to it in Santiago, and by the trial court below; and, therefore, does not involve an unconstitutional delegation of legislative power to the judiciary. See Raulerson v. State, 699 So.2d 339 (Fla. 5th DCA 1997) (rejecting, on somewhat different grounds, the contention that section 322.34(1)(c) involves an unconstitutional delegation of legislative power to trial courts). Accordingly, the order dismissing the information is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
LAWRENCE, J., and SCHEMER, JACK M., Associate Judge, concur.