PER CURIAM.
Appellant raised four issues on appeal from the summary denial of his motion for postconviction relief. We affirm the first two issues without discussion as they are not cognizable in postconviction proceedings, but reverse and remand' on the ineffective assistance of counsel and involuntary plea claims.
Appellant was charged with driving while his license was suspended or revoked in violation of section 322.34(1), Florida Statutes (1995). Following a pleá, he was sentenced to probation,' which was subsequently revoked, and he was sentenced to five years in prison.
In his motion for postconviction relief, appellant alleged he was. denied effective assistance of counsel, because counsel failed to investigate the charge and, as a consequence, he entered a plea to a felony offense notwithstanding that the most he could 'have been accused of was a misdemeanor. He explained that he had been charged and convicted under section 322.34(1), but that because he had been previously classified as a habitual traffic offender under section 322.264, Florida Statutes, he was specifically excepted from prosecution under section 322.34(1). See State v. Harvey, 693 So.2d 1009 (Fla. 4th DCA 1997). Instead, he should have been charged under section 322.34(2). Appellant further alleged that if he had been properly accused under section 322.34(2), he could not have been convicted of a felony, because he did not have the requisite number of prior convictions in that one ,of his prior charges had resulted in adjudication being withheld and he had successfully completed the probationary term imposed therefor. See State v. Gloster, 703 So.2d 1174 (Fla. 1st DCA 1997), review granted, 717 So.2d 531 (Fla.1998). Under the same reasoning, appellant asserted his plea was involuntary.
Appellant’s claim of ineffective assistance of counsel is facially sufficient. First, he alleged deficient performance on the part of trial counsel by failing to investigate the charge to determine whether it was improper. Second, he alleged he was prejudiced by this deficient performance, because he was convicted of a felony rather than a misdemeanor. See Gloster. Under these circumstances, the trial court erred by summarily denying the motion.[1]
The trial court also erred by summarily denying the motion without addressing appellant’s claim of involuntary plea.
The case is therefore reversed and remanded with directions to attach those portions of the record which conclusively refute appellant’s claims, or to hold an evidentiary hearing.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ERVIN, WOLF and WEBSTER, JJ„ CONCUR.

. The trial court denied the motion on the ground of lack of prejudice based on Raulerson v. State, 699 So.2d 339 (Fla. 5th DCA 1997), review granted, 709 So.2d 537 (Fla.1998). This court is, of course, bound to follow Gloster.