763 So.2d 285 (2000)
James RAULERSON, Petitioner,
v.
STATE of Florida, Respondent.
Hector Lucio, Petitioner,
v.
State of Florida, Respondent.
Rickey Paul Murray, Petitioner,
v.
State of Florida, Respondent.
Albert Michael Gloster, Petitioner,
v.
State of Florida, Respondent.
Michael Keirn, Petitioner,
v.
State of Florida, Respondent.
Robert Lee Hawkins, Jr. Petitioner,
v.
State of Florida, Respondent.
Jack Alton Beebe, Petitioner,
v.
State of Florida, Respondent.
Timothy Lewis Gaillard, Petitioner,
v.
State of Florida, Respondent.
Richard E. Austin, Petitioner,
v.
State of Florida, Respondent.
Keith Jerome Harvey, Petitioner,
v.
State of Florida, Respondent.
Jorge Castro, Petitioner,
v.
State of Florida, Respondent.
Reniel Santiago, Petitioner,
v.
State of Florida, Respondent.
Nos. SC91611, SC92066, SC92143, SC92235, SC93114, SC92750, SC92808, SC92809, SC93274, SC93334, SC93335 and SC93822.
Supreme Court of Florida.
July 13, 2000.
*286 James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida; and Glen P. Gifford, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida, for Petitioner in No. SC91611.
Robert A. Butterworth, Attorney General, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, Florida, for Respondents in Nos. SC91611, SC92143.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Division, Assistant Public Defender, and Kenneth Witts, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida; and Glen P. Gifford, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida, for Petitioner in No. SC92066.
Robert A. Butterworth, Attorney General, and Mary G. Jolley and Kristen L. Davenport, Assistant Attorneys General, Daytona Beach, Florida, for Respondent in No. SC92066.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida; and Glen P. Gifford, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida, for Petitioner in No. SC92143.
Glen P. Gifford, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida, for Petitioners in Nos. SC92235, SC92750, SC92808, SC92809, SC93274.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee, Bureau Chief Criminal Appeal, and Mark C. Menser, Assistant Attorney General, Tallahassee, Florida; and Mary G. Jolley, Assistant *287 Attorney General, Daytona Beach, Florida, for Respondent in No. SC92235.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, Florida, for Petitioner in No. SC93114.
Robert A. Butterworth, Attorney General, Celia A. Terenzio, Bureau Chief and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, Florida; and Mary G. Jolley, Assistant Attorney General, Daytona Beach, Florida, for Respondent in No. SC93114.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and J. Ray Poole, Assistant Attorney General, Tallahassee, Florida, for Respondents in Nos. SC92750, SC92808, SC92809, SC93274.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida, for Petitioners in Nos. SC93334, SC93335.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and J. Ray Poole and L. Michael Billmeier, Assistant Attorneys General, Tallahassee, Florida, for Respondents in Nos. SC93334, SC93335.
H. Dohn Williams, Jr., Fort Lauderdale, Florida, for Petitioner in No. SC93335.
Robert A. Butterworth, Attorney General, Celia A. Terenzio, Senior Assistant Attorney General, Bureau Chief, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, Florida, for Respondent in No. SC93335.
PER CURIAM.
We have for review the Fifth District Court of Appeal's decision in Raulerson v. State, 699 So.2d 339 (Fla. 5th DCA 1997); the First District Court of Appeal's decision in State v. Gloster, 703 So.2d 1174 (Fla. 1st DCA 1997); and the Fourth District Court of Appeal's decision in State v. Keirn, 720 So.2d 1085 (Fla. 4th DCA 1998), in which the district courts expressly declared that section 322.34(1), Florida Statutes (1995), is constitutional. Further, we have for review Murray v. State, 701 So.2d 1251 (Fla. 5th DCA 1997); Lucio v. State, 701 So.2d 127 (Fla. 5th DCA 1997); Austin v. State, 709 So.2d 1389 (Fla. 1st DCA 1998); Castro v. State, 710 So.2d 759 (Fla. 1st DCA 1998); Harvey v. State, 710 So.2d 760 (Fla. 1st DCA 1998); Gaillard v. State, 707 So.2d 956 (Fla. 1st DCA 1998); Beebe v. State, 706 So.2d 953 (Fla. 1st DCA 1998); Hawkins v. State, 748 So.2d 1037 (Fla. 1st DCA 1998); and State v. Santiago, 713 So.2d 1127 (Fla. 4th DCA 1998), which cited as controlling authority either Raulerson, Gloster, or Keirn. We have jurisdiction. See Art. V, § 3(b)(3), Fla. Const.; see also Jollie v. State, 405 So.2d 418, 420 (Fla.1981). On our own motion, we now consolidate all of these cases for disposition in this opinion.[1] As more fully explained below, we agree with Florida's District Courts of Appeal[2] that section 322.34(1) is constitutional.

I. BACKGROUND
In 1995, the Legislature amended section 322.34(1), Florida Statutes (Supp. 1994), to provide, in pertinent part, that a person who drives a motor vehicle upon Florida's highways while his or her driver's license or driving privilege is canceled, suspended or revoked (hereinafter *288 "DWLCSR offense") is, upon a third conviction, guilty of a third-degree felony. See Ch. 95-278, § 1, at 2594, Laws of Fla. Previously, a second or subsequent conviction for a DWLCSR offense was a first-degree misdemeanor. See § 322.34(1), Fla. Stat. (Supp.1994). As a result of the 1995 amendment, section 322.34(1), Florida Statutes (1995)[3], sets forth in full:
(1) Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, and who drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(b) A second conviction is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
In each of the cases before us today, the State charged the defendant with at least one felony DWLCSR offense pursuant to section 322.34(1), Florida Statutes (1995). Each defendant challenged the constitutionality of section 322.34(1), primarily arguing that the statute constitutes an improper delegation of legislative power to the judiciary. See Art. II, § 3, Fla. Const. ("The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein."). More specifically, the defendants asserted that because a trial court may, pursuant to section 948.01, Florida Statutes (1995), withhold an adjudication of guilt with regard to a DWLCSR offense, the trial court therefore has the authority to determine whether a third or subsequent DWLCSR offense constitutes a misdemeanor or a felony. As the Legislature has the sole authority and responsibility to define the degree of substantive criminal offenses, the defendants asserted, the authority of the trial court to withhold adjudication with regard to a DWLCSR offense unconstitutionally infringes upon the Legislature's exclusive authority.
The linchpin of the defendant's primary constitutional challenge to section 322.34(1) is the assumption that no "conviction" results in a DWLCSR case when a trial court withholds adjudication. The defendants in the cases before us asserted their primary constitutional argument with varying degrees of success in the respective trial courts, and appeals were taken in those cases to the various District Courts of Appeal. In Raulerson, Gloster, and Keirn, the Fifth District, First District, and Fourth District, respectively, discussed and analyzed whether section 322.34(1) is unconstitutional. Each of those district courts, along with the Third District in Pirtle v. State, 700 So.2d 1258 (Fla. 3d DCA 1997) (adopting Raulerson analysis), and the Second District in State v. Crossno, 713 So.2d 1093 (Fla. 2d DCA 1998) (adopting Keirn analysis), determined that section 322.34(1) is constitutional, but the courts did so on different grounds. We now briefly summarize the analysis employed by the district courts in Raulerson, Gloster, and Keirn.

*289 A. RAULERSON

In Raulerson, the Fifth District found that the dispositive issue in the case was whether "a defendant's violation of section 322.34(1) constitutes a conviction when the sentencing court decides to withhold an adjudication of guilt instead of entering a judgment against the defendant." 699 So.2d at 340. In analyzing that issue, the court primarily considered this Court's decision in State v. Gazda, 257 So.2d 242 (Fla.1971), and Florida Rule of Criminal Procedure 3.701(d)(2), both of which include withheld adjudications within the meaning of "conviction." See Raulerson, 699 So.2d at 340. After considering Gazda, rule 3.701(d)(2), and several other authorities, the Fifth District affirmed the trial court's rejection of Raulerson's constitutional challenge to section 322.34(1), reasoning that:
A common sense reading of the instant statute indicates that the legislature intended the term "conviction" to mean a determination of a defendant's guilt by way of plea or verdict. There appears to be no requirement that there be an adjudication. The obvious legislative intent of section 322.34 is to increase the penalty for repeat violations of the statute. The legislative goal is accomplished by application of the Gazda definition of conviction. Accordingly, we conclude that the statute is constitutional.
Raulerson, 699 So.2d at 340.[4]

B. GLOSTER

In Gloster, the defendant heavily relied upon the decision in State v. Santiago, 4 Fla. L. Weekly Supp. 220, 221 (Fla. 17th Cir.Ct. Aug. 2, 1996), reversed, 713 So.2d 1127 (Fla. 4th DCA 1998), wherein the circuit court held section 322.34(1) to be unconstitutional. See Gloster, 703 So.2d at 1175. In Santiago, the circuit court reasoned:
Because [section 322.34(1)(c)] requires an adjudication of guilt for the conduct to be punishable as a felony, and because § 948.01, Fla. Stat., allows this Court to withhold adjudication of guilt, this Court has the unbridled discretion to make the Defendant's conduct a felony or a misdemeanor by simply exercising its discretion regarding the withholding of adjudication of guilt. The Legislature has the sole authority and responsibility to make the criminal laws, including classifying transgressions of the criminal law as either a felony or a misdemeanor. It is an unconstitutional delegation of the legislative power to grant to this Court the power to make the Defendant's conduct punishable as a felony or a misdemeanor by this Court exercising its discretion to withhold adjudication of guilt.
4 Fla. L. Weekly Supp. at 221. The First District found the circuit court's reasoning in Santiago to be flawed because it assumed that "by withholding adjudication in a case where a defendant is charged with a violation of section 322.34(1)(c), the result will be that the defendant's conduct will be treated as a misdemeanor, rather than a felony." Gloster, 703 So.2d at 1175. The First District analyzed section 948.01(2), Florida Statutes, which authorizes a court to withhold an adjudication of guilt, and noted that a withhold of adjudication is permitted only if the defendant is placed on probation. See Gloster, 703 So.2d at 1176 (citing Florida Rule of Criminal Procedure 3.670). Based on the interaction between a withhold of adjudication and placement of the defendant on probation, the First District concluded:

*290 Pursuant to this statutory scheme, a defendant who has adjudication of guilt withheld and successfully completes the term of probation imposed "is not a convicted person." Thomas v. State, 356 So.2d 846, 847 (Fla. 4th DCA), cert. denied, 361 So.2d 835 (Fla.1978). However, if probation is revoked, the defendant must be adjudicated guilty of the charged offense. § 948.06(1), Fla. Stat. (1995). Applying the foregoing statutory scheme to the issue at hand, it becomes apparent that there are two possible alternatives when one charged with a violation of section 322.34(1)(c) has adjudication of guilt withheld and is placed on probationeither the term of probation will be successfully completed, in which event the defendant will not have been convicted at all; or probation will be revoked, in which case the defendant must be adjudicated guilty of a violation of section 322.34(1)(c), and sentenced accordingly. Treating the charge as a misdemeanor (as Santiago suggests) is simply not an available alternative. Thus, it is clear that section 322.34(1)(c) does not have the effect ascribed to it in Santiago, and by the trial court below; and, therefore, does not involve an unconstitutional delegation of legislative power to the judiciary. See Raulerson v. State, 699 So.2d 339 (Fla. 5th DCA 1997) (rejecting, on somewhat different grounds, the contention that section 322.34(1)(c) involves an unconstitutional delegation of legislative power to trial courts).
Gloster, 703 So.2d at 1176.

C. KEIRN

In Keirn, the Fourth District rejected the circuit court's ruling in Santiago and upheld the constitutionality of section 322.34(1). See Keirn, 720 So.2d at 1086. The Fourth District stated that "[o]ne flaw in Santiago's reasoning is its assumption that the term `conviction' as used in section 322.34 requires an adjudication of the defendant's guilt." Id. The court noted that while an adjudication of guilty is generally required for there to be a "conviction," that term as used in Florida law is a "chameleon-like term which draws meaning from its statutory context." Id. After thoroughly analyzing the interaction of section 322.34(1) with other related statutes, as well as the relevant legislative history surrounding section 322.34(1), the Fourth District held that "a conviction under section 322.34 occurs after final disposition of a case, as a result of a trial or plea, without regard to the court's decision on adjudication of a defendant, unless the disposition is made pursuant to section 318.14(1), Florida Statutes (1995)." Id. at 1086. The Keirn court acknowledged the Fifth District's decision in Raulerson, but it did not join in the Raulerson analysis. Finally, the Fourth District stated that "[b]ecause our decision turns on the definition of a `conviction,' we do not address the other aspects of the constitutional argument. Cf. Gloster, 703 So.2d 1174." Keirn, 720 So.2d at 1091.

II. ANALYSIS
After carefully reviewing the decisions of the District Courts of Appeal upholding the constitutionality of section 322.34(1), Florida Statutes (1995), we join in the same conclusion. In so doing, we agree in large measure with the Fourth District's thorough analysis in Keirn because, in our view, the Legislature clearly intended that the term "conviction" as used in section 322.34(1) include both adjudications and withheld adjudications in DWLCSR cases, unless the disposition is made pursuant to section 318.14(10), Florida Statutes (1995).
As stated above, section 322.34(1), Florida Statutes (1995), prescribes a progressive scheme of DWLCSR offenses for persons who drive "any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked." The statute specifically provides that, upon a third "conviction," a person guilty of a DWLCSR offense is guilty of a third-degree felony. See id. *291 Section 322.01(10), Florida Statutes (1995), defines "conviction" as follows:
"Conviction" means a conviction of an offense relating to the operation of motor vehicles on highways which is a violation of this chapter or any other such law of this state or any other state, including an admission or determination of a noncriminal traffic infraction pursuant to s. 318.14, or a judicial disposition of an offense committed under any federal law substantially conforming to the aforesaid state statutory provisions.
From the plain language of section 322.01(10), it is unclear whether or not the Legislature intended for the term "conviction" to encompass withheld adjudications. In Green v. State, 604 So.2d 471, 473 (Fla. 1992), we stated that "[o]ne of the most fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning, unless words are defined in the statute or by the clear intent of the legislature." As the Fourth District recognized in Keirn, however, the term "conviction" as used in Florida law has been a "chameleon-like" term that has drawn its meaning from the particular statutory context in which the term is used. See 720 So.2d at 1086. Accordingly, we must consider how section 322.34 interrelates with other statutory provisions, as well as the legislative history surrounding the statute, to ascertain the Legislature's intent. See, e.g., Streeter v. Sullivan, 509 So.2d 268, 271 (Fla.1987) ("Were these provisions even slightly ambiguous, an examination of legislative history and statutory construction principles would be necessary.").
In considering section 322.34(1) in light of both other related provisions and the relevant legislative history, we, as did the Second District Court of Appeal in Crossno, see 713 So.2d at 1093, join the view espoused by the Fourth District Court in Keirn. Accordingly, we now set forth the relevant portion of the Keirn court's thorough analysis of the relationship between section 322.34(1) and other similar statutes and rules, and the legislative history surrounding the statute:
To properly determine the meaning of the term "conviction" in section 322.34, it is necessary to read that section in conjunction with other provisions of Chapter 322 and Chapter 318, Florida Statutes, entitled "Disposition of Traffic Infractions." Sections in each chapter cross-reference the other. The Chapters have been amended in the same session laws. Viewed together, Chapters 318 and 322 comprise the legislative scheme for regulating the privilege to drive a motor vehicle in Florida.
Section 322.263, Florida Statutes (1995), expressly declares the legislative intent underlying all of Chapter 322:
It is declared to be the legislative intent to:
(1) Provide maximum safety for all persons who travel or otherwise use the public highways of the state.
(2) Deny the privilege of operating motor vehicles on public highways to persons who, by their conduct and record, have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws of the state and the orders of the state courts and administrative agencies.
(3) Discourage repetition of criminal action by individuals against the peace and dignity of the state ... and impose increased and added deprivation of the privilege of operating motor vehicles upon habitual offenders who have been convicted repeatedly of violations of traffic laws.
For section 322.34 suspensions, the legislature has specified both the type of suspension entitled to leniency and the procedure for obtaining a special disposition of a charge.
In 1985, the legislature added subsection 10(a) to section 318.14. Ch. 85-250, § 2, at 1668, Laws of Fla. Even though section 318.14 was entitled "Noncriminal *292 traffic infractions; exception; procedures," section 318.14(10) established a procedure for handling certain criminal violations.2
[NOTE 2:] That the legislature intended to include these criminal violations in the section is evidenced by the description of the amendment in the title to the bill"providing for withholding of adjudication of guilt in certain traffic infractions and offenses." Ch. 85-250, Laws of Fla.
One of these criminal charges was "operating a motor vehicle with a license which has been suspended for failure to appear, failure to pay civil penalty, or failure to attend a driver improvement course." § 318.14(10)(a) 1, Fla. Stat. (1995). Under section 318.14(10)(a), any person cited for such a suspension may,
in lieu of payment of fine or court appearance, elect to enter a plea of nolo contendere and provide proof of compliance to the clerk of the court.... In such case, adjudication shall be withheld; however, no election shall be made under this subsection if such person has made an election under this subsection in the 12 months preceding election hereunder. No person may make more than three elections under this subsection.
By enacting this section, the legislature recognized that leniency was appropriate for certain types of license suspensions. Subsection (10) allows a person to reinstate his or her driver's license with the clerk prior to the court appearance date indicated on the citation or notice to appear. Traffic Rule 6.360(b) authorizes the clerk to allow a person up to 60 additional days to reinstate the license. If a defendant still needs additional time to comply with section 318.14(10), a judge or traffic hearing officer may extend the time for compliance. Fla. R. Traf. Ct. 6.360(b); 6.040(a).
In 1990, the legislature moved away from the "adjudication" concept in defining a chapter 322 conviction, to make that definition coincide with those cases reserved for special treatment under section 318.14(10). Ch. 90-230, Laws of Fla. § 3, at 1722. Prior to the 1990 amendment, a "conviction" was defined as,

an adjudication of guilt; a determination in a court of original jurisdiction or an administrative proceeding that a person has violated, or failed to comply with, the law; a forfeiture of bail or collateral deposited to secure the person's appearance in court, unless such forfeiture is vacated; a plea of guilty or nolo contend[e]re accepted by a court; the payment of a fine, penalty, or court costs, regardless of whether such fine, penalty, or cost is rebated, suspended, or probated; a ruling which withholds adjudication; or a violation of a condition of release.
§ 322.01(10), Fla. Stat. (1989) (emphasis supplied). Significantly, since this section defined "a ruling which withholds adjudication" as a conviction, a withhold of adjudication in a suspension case under section 318.14(10) would still have counted as a conviction for the purpose of Chapter 322.[5]
The legislature remedied this anomaly in 1990 by eliminating the 1989 version of section 322.01(10), redefining a conviction under that section, and adding a section addressing the relationship between a withhold of adjudication and a conviction. Ch. 90-230, Laws of Fla. §§ 2, 3, at 1722. These amendments *293 were to operate "retroactively to July 1, 1989," prior to the effective date of the 1989 version of section 322.01(10). Id.; see ch. 89-282, Laws of Fla. § 3, at 1664. The 1990 amendment defined "conviction" without reference to an adjudication, reflecting a legislative intent to remove that concept from the Chapter 322 "conviction" equation. The amendment adopted the current form of the statute, which states,
"Conviction" means a conviction of an offense relating to the operation of motor vehicles on highways which is a violation of this chapter or any other such law of this state or any other state, including an admission or determination of a noncriminal traffic infraction pursuant to s. 318.14, or a judicial disposition of an offense committed under any federal law substantially conforming to the aforesaid state statutory provisions.
§ 322.01(10), Fla. Stat. (1995); ch. 90-230, § 3, at 1722, Laws of Fla.
The focus of this definition is whether ah offense was committed and not on the judicial decision of whether to impose or withhold adjudication. For example, the definition includes a "judicial disposition" of federal offenses, language signifying the closing of a case without regard to the adjudication of guilt. Similarly, for a traffic infraction, the definition refers not to an adjudication, but to an "admission or determination," words that precisely echo the language of section 318.14. From issuance of the citation through conviction, section 318.14 sets out the procedure for handling a traffic infraction without any mention of an adjudication of guilt.3
[NOTE 3]: Section 318.14(4) provides that a person charged with an infraction may pay the civil penalty by mail or in person within 30 days of receiving the citation. If the person does so, "he or she shall be deemed to have admitted the infraction and to have waived his or her right to a hearing on the issue of commission of the infraction." Id. (emphasis supplied). If the person requests a hearing, the presiding judge or hearing officer shall "make a determination as to whether an infraction has been committed." § 318.14(5), Fla. Stat. (1995) (emphasis supplied). A "determination" under the statute goes only to the occurrence of the infraction; it has nothing to do with an adjudication of guilt. A "determination" may occur as the result of a final hearing or plea. A "determination" that an infraction has been committed may arise from a no contest plea. See Vinson v. State, 345 So.2d 711 (Fla.1977); Stewart v. State, 586 So.2d 449 (Fla. 1st DCA 1991). When a report of "a determination or admission of an infraction is received by the department, it shall proceed to enter the proper number of points on the licensee's driving record in accordance with s. 322.27." § 318.14(8), Fla. Stat. (1995) (emphasis supplied). Section 322.27(3), Florida Statutes (1995), provides for a point system for "convictions of violations of motor vehicle laws."
In the same 1990 statute that changed section 322.01(10)'s definition of conviction, the legislature added section 318.14(11), which provides:
If adjudication is withheld for any person charged or cited under this section, such action shall not be deemed a conviction.
Ch. 90-230, § 2, at 1722, Laws of Fla. It is significant that the legislature included section 318.14(11) in the same session law that redefined a conviction. If a withhold of adjudication on a criminal charge generally did not constitute a conviction, then subsection (11) would have been unnecessary.
The adoption of subsection (11) evidences the legislative intent that all dispositions of driving under suspension charges amount to convictions under section 322.01(10), unless adjudication *294 has been withheld pursuant to the procedures of section 318.14(10), for the three types of license suspensions enumerated in that section. This interpretation is consistent with the stated legislative intent found at section 322.263. The legislature has placed a ceiling on both the frequency and the number of times a person may avoid the full sanction of a license suspensionone time every twelve months and three elections in a lifetime. A disposition outside of the section 318.14(10) procedure, regardless of whether adjudication is withheld or imposed, is a "conviction" within the meaning of section 322.01(10), which can be used to habitualize under section 322.264(1)(d), Florida Statutes (1995), or for aggravation under section 322.34.
The Rules of Traffic Procedure mirror section 318.14(11). Rule 6.560 states that elections under "section 318.14(9) or (10) ... when adjudication is withheld, shall not constitute convictions." Rule 6.291 governs "procedures on withheld adjudication in driving while license suspended." Rule 6.291(d) provides:
(d) Convictions. Elections under section 318.14(10), Florida Statutes, when adjudication is withheld, shall not constitute convictions as that term is used in chapter 322, Florida Statutes.
Rule 6.291(d) and the last sentence of Rule 6.560 explicitly tie the absence of a Chapter 322 conviction in suspension cases to the withholding of adjudication under section 318.14(10) procedures, and not to a withhold of adjudication in any other situation.4
[NOTE 4]: This is in contrast to the treatment accorded traffic infractions by the Florida Rules of Traffic Procedure. Rule 6.560 indicates that an "admission or determination that a defendant has committed a traffic infraction shall constitute a conviction as that term is used in Chapter 322 ... unless adjudication is withheld by an official in those cases in which withholding of adjudication is not other-wise prohibited by statute or rule of procedure." (Emphasis supplied). The italicized portion of the Rule was added in 1984. In re Florida Rules of Practice and Procedure for Traffic Courts, 458 So.2d 1112, 1115 (Fla. 1984). Section 318.14(9) was adopted in 1985. Ch. 85-250, § 2, at 1688, Laws of Fla. Rule 6.560 was later amended to add a specific reference to section 318.14(9). Rule 6.560 contracts the Chapter 322 definition of an infraction conviction, by eliminating those infractions for which there was a "determination" under section 318.14(5), but for which adjudication has been withheld. For criminal violations, there is no rule of traffic procedure similar in effect to Rule 6.560.
Outside of section 318.14, a judge is authorized to withhold adjudication in criminal cases if he or she places a defendant on probation. See Waite v. City of Fort Lauderdale, 681 So.2d 901 n. 1 (Fla. 4th DCA 1996); State v. Gloster, 703 So.2d 1174, 1175 (Fla. 1st DCA 1997); §§ 948.01(2); 921.187(1)(a)3; Fla. Stat. (1997); Fla. R.Crim. P. 3.670. These types of dispositions fall outside of Chapter 322's definition of a conviction.
Given this construction of the term "conviction," the concern noted by the trial judge does not exist. Even if the judge in this case were to withhold adjudication on the driving while license suspended charge after a plea or verdict, such a disposition would still amount to a third "conviction" under section 322.34(1)(c), because it is a disposition outside of section 318.14(10).
Keirn, 720 So.2d at 1088-90.
As aptly explained by the Fourth District in Keirn, it is clear that the Legislature intended that a "conviction" for the purposes of section 322.34(1), Florida Statutes (1995), include both adjudicated DWLCSR offenses and DWLCSR offenses in which adjudication is withheld. Construing the term "conviction" in such a *295 manner is consistent with both the Legislature's expressed intent in chapter 322, Florida Statutes, and the legislative history surrounding section 322.34(1). Accordingly, we reject each petitioners' separation of powers challenge to section 322.34(1),[6] and approve the result reached by the district courts in each of the decisions under review.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] We previously granted a motion to consolidate Raulerson, Lucio, and Murray, for all purposes, and, on our own motion, we consolidated those three cases with Gloster and Keirn for the purposes of oral argument. We now consolidate all cases listed in the caption of this opinion for disposition herein.
[2] In Pirtle v. State, 700 So.2d 1258 (Fla. 3d DCA 1997), the Third District adopted the position of the Fifth District in Raulerson, while the Second District in State v. Crossno, 713 So.2d 1093 (Fla. 2d DCA 1998), joined the view espoused by the Fourth District in Keirn. Neither Pirtle nor Crossno are before us for review, however.
[3] The Legislature has amended section 322.34 several times since 1995, and as a result of those changes, subsection (1) of the 1995 version of the statute is now located in subsection (2) of the statute. Compare § 322.34(1), Fla. Stat. (1995), with § 322.34(2), Fla. Stat. (1999). Unlike subsection (1) of the 1995 statute, subsection (2) of the current statute contains an express knowledge requirement. See § 322.34(2), Fla. Stat. (1999). For purposes of the constitutional issues before us here, however, the current version of the statute is substantively identical to the 1995 version.
[4] In Raulerson, Judge Harris concurred with Chief Judge Griffin and Judge Antoon in the majority opinion. However, Judge Harris also authored a specially concurring opinion. See 699 So.2d at 340-42 (Harris, J., concurring and concurring specially). In that opinion, Judge Harris discussed this Court's decision in Wooten v. State, 332 So.2d 15 (Fla. 1976), which, similar to the cases before us, involved a criminal statute (the DUI statute) providing for progressively more severe sentences for subsequent like offenses.
[5] The staff analysis explaining the change made to the definition of conviction states, "The word `conviction' is revised to provide that when adjudication is withheld for certain traffic infractions and offenses, such action shall not be deemed a conviction." See Fla. S. Comm. Com., CS for SB 528 (1990) Staff Analysis 1-2 (final June 7, 1990) (on file with comm.). Further, the staff analysis provided that the effect of the proposed amendment was "to provide that drivers who choose to attend a driver training course ... not have points applied to their driver's license." Id.
[6] We decline to address the ancillary arguments raised by the petitioners in Keirn, Castro, Beebe, Gaillard, and Hawkins.