PER CURIAM.
We affirm Pickett’s convictions and sentence for felony driving while license suspended (DWLS) and driving with an expired license. He was on probation when he was charged with felony DWLS. He admitted the violation of probation and pled no contest to the new charge of felony DWLS, reserving a right to this appeal.
Pickett raises two constitutional challenges to his conviction under section 322.34(l)(c), Florida Statutes (1995), which renders the third conviction for driving while one’s license is cancelled, suspended, or revoked, a third-degree felony. His jurisdictional challenge has been rejected in Raulerson v. State, 763 So.2d 285 (Fla. 2000).
Pickett further asserts that the statute is void for vagueness, arguing that if the term “conviction” includes “withheld adjudication,” he was not on notice that his actions would constitute a felony. We reject Pickett’s claim as the record in this ease as to Pickett’s priors does not establish that adjudication had been withheld in either case. Hence, the statute would clearly apply to him, obviating the necessity of our indulging in a void for vagueness analysis. See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-95, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); accord State v. Hamilton, 388 So.2d 561 (Fla.1980); Wilburn v.. State, 763 So.2d 353, 355 (Fla. 4th DCA 1998). Regardless, the supreme court has held that in Raulerson that
[I]t is clear that the Legislature intended that a “conviction” for purposes of section 322.34(1), Florida Statutes (1995), include[s] both adjudicated DWLCSR offenses and DWLCSR offenses in which adjudication is withheld.
Raulerson, 763 So.2d at 294-95. Therefore, we deem the void for vagueness claim lacking in merit.
We, accordingly, affirm, but remand for the entry of a formal written order revoking Pickett’s probation. See Smith v. State, 492 So.2d 1099 (Fla. 4th DCA 1986).
STONE, SHAHOOD, and HAZOURI, JJ., concur.