PER CURIAM.
The Florida Bar Traffic Court Rules Committee (rules committee) has filed its regular-cycle report of proposed amendments to the Florida Rules of Traffic Court. See Fla. R. Jud. Admin. 2.130(c). We have jurisdiction. See art. V, § 2(a), Fla. Const.
In its report, the rules committee asks the Court to amend five of the Florida Rules of Traffic Court to make minor technical changes[1] and adopt one new substantive rule that would clarify the effect of a withheld adjudication in the criminal offense context.[2] The rules committee’s proposals were unanimously approved by the Board of Governors of The Florida Bar and were published for comment in The Florida Bar Neivs. One comment was received.[3]
After considering the report, we decline to adopt newly proposed rule 6.292 since this proposed rule of procedure is in conflict with this Court’s decision in Raulerson v. State, 763 So.2d 285 (Fla.2000). However, we adopt the remaining amendments as proposed by the committee.
Accordingly, we amend the Florida Rules of Traffic Court as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective on January 1, 2005, at 12:01 a.m.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.
APPENDIX
RULE 6.100. TRAFFIC VIOLATIONS BUREAU
(a) Establishment and Function. A traffic violations bureau shall be established in each county court by administrative order of the chief judge of the circuit in which the county court is located. The function of the bureau shall be to accept appearances, waivers of non-criminal hearings, admissions, payment of civil penalties for traffic infractions not requiring a mandatory hearing, and nolo contendere pleas *1112 underpursuant to the authority of section 318.14(9) and (10), Florida Statutes. If Where any person’s sentence for a criminal traffic offense or penalty for a traffic infraction requiring a mandatory hearing or a traffic infraction in whichwfaere the person elects to appear before an official includes the payment of a fine or civil penalty, payment may be made before the bureau. The bureau may also accept appearances, waivers of hearings, admissions, and payment of civil penalties as provided in section 318.18, Florida Statutes, in traffic infraction cases in which where the driver originally elected, but was not required, to appear before an official prior to the date of the hearing. The bureau shall act under the direction and control of the judges of the court.
(b) Civil Penalty Schedule; Payment and Accounting. The court shall post in the place where civil penalties are to be paid in the violations bureau the schedule of the amount of the civil penalty as provided in section 318.18, Florida Statutes. All fines, civil penalties, and costs shall be paid to, receipted by, and accounted for by the violations bureau or proper authority in accordance with these rules.
(c) Statistical Reports. All cases processed in the violations bureau shall be numbered, tabulated, and reported for identification and statistical purposes. In any statistical reports required by law, the number of cases disposed of by the violations bureau shall be listed separately from those disposed of in open court.
RULE 6.190. PROCEDURE ON FAILURE TO APPEAR; WARRANT; NOTICE
(a) Issuance of Warrants. The court may direct the issuance of a warrant for the arrest of any resident of this state, or any non-resident upon whom process may be served in this state, who fails to appear and answer a criminal traffic complaint or summons lawfully served upon such person and against whom a complaint or information has been filed. The warrant shall be directed to all law enforcement officers, state, county, and municipal, in the state and may be executed in any county in this state.
(b) Warrant Not Issued or Served; Disposition of Case. If a warrant is not issued or is not served within 30 days after issuance, the court may place the case in an inactive file or file of cases disposed of and shall report only bond forfeiture cases and cases finally adjudicated to the driver license issuing authority of the dDepartment of Highway Safety and Motor Vehi-eles. For all other purposes, including final disposition reports, the cases shall be reported as disposed of, subject to being reopened if thereafter the defendant appears or is apprehended.
(c) Nonresident of State; Failure to Appear or Answer Summons. If a defendant is not a resident of this state and fails to appear or answer a traffic complaint, the clerk of the court or the court shall mail notice to the defendant at the address stated in the complaint and to the dDe-partment. The ^Department shall send notice to the license issuing agency in the defendant’s home state. If the defendant fails to appear or answer within 30 days after the mailing of notice, the court shall place the case in an inactive file or file of cases disposed of, subject to being reopened if thereafter the defendant appears or answers or a warrant is issued and served.
(d) Forfeiture of Bail. The waiting period imposed herein shall not affect any proceedings for forfeiture of bail.
*1113 RULE 6.200. PLEAS AND AFFIDAVITS OF DEFENSE
(a) Record of Pleas. All pleas entered in open court shall be recorded by an official court reporter or electronic means, unless the defendant signs a written waiver of this right.
(b) Written Pleas of Guilty or Nolo Contendere. Subject to the approval of the court, written pleas of guilty or nolo contendere may be entered in criminal traffic offenses not designated felonies under the laws of the state, and sentence imposed thereon.
(c) Nonresident of County; Affidavit of Defense. Any person charged with the commission of a criminal traffic offense who is not a resident of or domiciled in a county where the alleged offense took place may, at the discretion of the court, file a written statement setting forth facts justifying the filing of an affidavit of defense or file an affidavit of defense directly, if practicable, upon posting a reasonable bond set by the court.
RULE 6.500. PRONOUNCEMENT AND ENTRY OF PENALTY; PENALIZING OFFICIAL
(a) Entry of Penalty. The final disposition of every case shall be entered in the minutes in courts in which minutes are kept, and shall be docketed in courts which do not maintain minutes.
(b) Pronouncement of Penalty; Obligations of Penalizing Official. In those cases in whichwhere it is necessary that the penalty be pronounced by an official other than the official who presided at the hearing, or accepted an admission, the penalizing official shall not impose a penalty without first becoming acquainted with what transpired at the hearing or the facts concerning the admission and the infraction.
RULE 6.580. COMPLETION OF DRIVER SCHOOL; CONDITIONS
(a) Approval by Chief Judge. All driver schools selected by the chief judge of the circuit shall establish the conditions for the successful completion of the driver course. The conditions shall be submitted in writing for approval of the chief judge.
(b) Failure to Meet Conditions; Reporting. Any failure to meet the conditions for successful completion of the course shall be reported to the official having jurisdiction of the case or the clerk or traffic violations bureau if designated by the official ofby the school.

. Specifically, the rules committee proposes amending rules 6.100 ("Traffic Violations Bureau”), 6.190 ("Procedure on Failure to Appear; Warrant; Notice”), 6.200 ("Pleas and Affidavits of Defense”), 6.500 ("Pronouncement and Entry of Penalty; Penalizing Official”), and 6.580 ("Completion of Driver School; Conditions”).

. Rule 6.292 ("Conviction of Criminal Traffic Offense”).

.The submitted comment alleges that the entire body of Traffic Court Rules did not comply with the Americans with Disabilities Act ("ADA”). As this comment is beyond the scope of the current proposed amendments, we direct the Clerk of Court to refer this comment to the rules committee for its consideration, pursuant to Florida Rule of Judicial Administration 2.130(b)(2).