771 So.2d 591 (2000)
William Raymond HUSS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-3655.
District Court of Appeal of Florida, First District.
November 9, 2000.
Nancy A. Daniels, Public Defender, and Carol Ann Turner, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of his conviction of felony driving while license suspended, in violation of section 322.34(2), Florida Statutes (Supp.1998). We reverse and remand.
Appellant was charged with driving while his driver's license had been canceled, suspended, or revoked, and knowing of such cancellation, suspension, or revocation. The offense allegedly occurred on March 27, 1999. The information alleged that appellant had previously been convicted of driving while license suspended, canceled, or revoked two or more times, contrary to section 322.34(2), under which the current offense would be raised to the level of a third degree felony.
At the time of the offense at issue, section 322.34 provided in part:
(1) Except as provided in subsection (2), any person whose driver's license or driving privilege has been canceled, suspended, or revoked, except a "habitual traffic offender" as defined in s. 322.364, who drives a vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked is guilty of a moving violation, punishable as provided in chapter 318.
(2) Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, *592 except persons defined in s. 322.364, who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(b) A second conviction is guilty of a misdemeanor of the first degree, punishable as provided in s.775.082 or s. 775.083.
(c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The element of knowledge is satisfied if the person has been previously cited as provided in subsection (1); or the person admits to knowledge of the cancellation, suspension, or revocation; or the person received notice as provided in subsection (4). There shall be a rebuttable presumption that the knowledge requirement is satisfied if a judgment or order as provided in subsection (4) appears in the department's records for any case except for one involving a suspension by the department for failure to pay a traffic fine or for a financial responsibility violation.
(3) In any proceeding for a violation of this section, a court may consider evidence, other than that specified in subsection (2), that the person knowingly violated this section.
(4) Any judgment or order rendered by a court or adjudicatory body or any uniform traffic citation that cancels, suspends, or revokes a person's driver's license must contain a provision notifying the person that his or her driver's license has been canceled, suspended, or revoked.
(Emphasis added). Prior to October 1, 1997, section 322.34 provided, in relevant part:
(1) Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.364, and who drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor of the second degree, punishable as provided ins. 775.082 or s. 775.083.
(b) A second conviction is guilty of a misdemeanor of the first degree, punishable as provided ins. 775.082 or s. 775.083.
(c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Fla. Stat. § 322.34(1), Fla. Stat. (1995). The predicate convictions relied on by the state to enhance appellant's current offense to felony status occurred prior to October 1, 1997.
Appellant filed a motion to dismiss the case from circuit court and transfer it to county court. Appellant noted that the statute under which he was chargedsection 322.34(2), effective October 1, 1997 added the element of knowledge to the proof required for conviction. Appellant argued that his prior convictions of driving while his license was suspended or revoked did not qualify as prior convictions under the current statute because those convictions were pursuant to the previous statute, which did not require knowledge as an essential element of the offense. He asserted that because his prior convictions could not be used for the purpose of enhancement, the circuit court no longer had jurisdiction and the cause should be transferred to county court for prosecution under subsection (2)(a) as a second degree misdemeanor. The trial judge denied the motion, and appellant entered a plea of nolo contendere reserving the right to raise on appeal the issue of whether his *593 prior convictions could be used for enhancement under the current statute.
We agree with appellant's position. At the time appellant received the prior convictions, the statute did not require proof of "knowledge" as an element of the offense, and thus, his prior convictions cannot be counted as "convictions" under the 1997 provisions of section 322.34(2). In short, the law under which appellant received his prior convictions is no longer in effect, and for purposes of enhancement under the new statute for multiple convictions, the statute by its plain wording applies only to a "conviction" for the offense prescribed by the present statute. Although the legislature might have done so, no provision was made in the 1997 law for enhancement based on convictions under the prior statute.[1]
The state argues that the legislative intent of more harshly punishing repeat offenders would be defeated if a defendant's convictions prior to October 1, 1997 were not considered, and that if the legislature intended to abandon its prior sentencing enhancement scheme, the legislature would have clearly stated that the enhancement would not apply to any convictions before the enactment of the statute. We find the state's legislative intent argument particularly unpersuasive in light of section 322.34(1), Florida Statutes (1997 and Supp.1998), in which the legislature did in fact make the act of driving while license was canceled, suspended or revoked, without knowledge of such cancellation, suspension, or revocation, a moving violation, rather than an offense punishable by criminal penalties as under the 1997 law.
Accordingly, the felony conviction is reversed. We remand with directions to enter judgment and conviction pursuant to section 322.34(2)(a), Fla. Stat. (Supp.1998).
MINER and ALLEN, JJ., and SMITH, LARRY G., Senior Judge, CONCUR.
NOTES
[1] The current statute sets forth three methods of establishing "knowledge," and includes a rebuttable presumption. However, the statute cannot be read as providing a method of supplying the missing knowledge element with respect to earlier convictions, nor, for that matter, can it be read as providing for the use of these pre-amendment convictions under any circumstances.