KLEIN, J.
We affirm appellant’s convictions for aggravated assault on a law enforcement officer and fleeing an officer, finding no error as to those convictions. We reverse his conviction of felony driving with license suspended (“DWLS”) based on Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000).
Appellant was convicted of felony DWLS based on the 1998 version of section 322.34(2), Florida Statutes, which provides in part:
*891 Any person whose driver’s license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, who, knoiving of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
[[Image here]]
(c) A third or subsequent conviction is guilty of a felony of the third degree .... (emphasis added).
The requirement of knowledge became effective October 1, 1997. Prior to that, knowledge was not required. § 322.34(1), Fla. Stat. (1995).
In the present case, as in Huss, the predicate convictions relied on by the State to enhance the offense to a felony occurred prior to October 1, 1997. The crimes on which those convictions were based, accordingly, did not include the element of knowledge.
As the first district explained in Huss:
At the time appellant received the prior convictions, the statute did not require proof of “knowledge” as an element of the offense, and thus, his prior convictions cannot be counted as “convictions” under the 1997 provisions of section 322.34(2). In short, the law under which appellant received his prior convictions is no longer in effect, and for purposes of enhancement under the new statute for multiple convictions, the statute by its plain wording applies only to a “conviction” for the offense prescribed by the present statute. Although the legislature might have done so, no provision was made in the 1997 law for enhancement based on convictions under the prior statute.
The state argues that the legislative intent of more harshly punishing repeat offenders would be defeated if a defendant’s convictions prior to October 1, 1997 were not considered, and that if the legislature intended to abandon its prior sentencing enhancement scheme, the legislature would have clearly stated that the enhancement would not apply to any convictions before the enactment of the statute. We find the state’s legislative intent argument particularly unpersuasive in light of section 322.34(1), Florida Statutes (1997 and Supp.1998), in which the legislature did in fact make the act of driving while license was canceled, suspended or revoked, without knowledge of such cancellation, suspension, or revocation, a moving violation, rather than an offense punishable by criminal penalties as under the 1997 law. (footnote omitted).
We agree with Huss, reverse the conviction of felony DWLS, and remand for entry of a conviction of misdemeanor DWLS. We affirm the remaining convictions.
SHAHOOD and GROSS, JJ., concur.