809 So.2d 65 (2002)
Kenneth MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3412.
District Court of Appeal of Florida, Fifth District.
February 8, 2002.
Kenneth Martin, Bonifay, pro se.
No Appearance for Appellee.
SHARP, W., J.,
Martin appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He pled guilty to the felony charge of knowingly driving while license suspended or revoked.[1] He was sentenced on October 31, 2000, and did not appeal from the judgment or sentence.
Martin claims the trial court lacked jurisdiction to enter its judgment because the case should have been prosecuted as a misdemeanor. This is premised on the fact that the prosecution used his prior convictions for driving with a suspended or revoked license as predicates to reclassify his current offense from a misdemeanor to a third degree felony. However, at the time those prior offenses were committed, the previous version of the statutory offense did not require knowledge as an essential element. See § 322.34, Fla. Stat. (1995). Thus arguably, they should not be used as a basis to reclassify. See Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000). That opinion by the first district cited in the 3.850 motion was issued on November 9, 2000, after Martin was sentenced.[2]
*66 We do not need to reach that issue in this case. In Caples v. State, 790 So.2d 1143 (Fla. 5th DCA 2001), this court reviewed an order denying a 3.800(a) motion to correct sentence, which was based on the holding in Huss. We noted in Caples that the defendant entered into a negotiated plea and held that he was not entitled to correction of his sentence based on a Huss argument, but should have requested a withdrawal of his plea.
Similarly in this case, Martin has not sought to withdraw his plea. Instead, he asserts that the circuit court lacked jurisdiction to try him. That argument clearly lacks merit. See State v. Phillips, 463 So.2d 1136 (Fla.1985). And his guilty plea, without any attempt to withdraw it, waives his argument based on Huss, that the prior convictions should not have been used to reclassify his present offense.
AFFIRMED.
THOMPSON, C.J., and SAWAYA, J., concurs.
NOTES
[1] § 322.34(2), Fla. Stat. (Supp.1998).
[2] As noted by the circuit court, the holding in Huss is not a retroactive change in the law. A change of law will not be considered under a Rule 3.850 motion unless the change emanates from the Florida Supreme Court or the United States Supreme Court, is constitutional in nature and constitutes a development of fundamental significance. See Witt v. State, 387 So.2d 922, 931 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980).