808 So.2d 284 (2002)
Paul THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1947.
District Court of Appeal of Florida, Fifth District.
March 1, 2002.
Paul Thompson, Okeechobee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant *285 Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Paul Thompson appeals an order denying his Florida Rule of Criminal Procedure 3.850 motion following an evidentiary hearing.[1] We affirm.
Thompson pleaded guilty to the felony charge of knowingly driving while his license was suspended or revoked (felony DWLS), a violation of Section 322.34(2)(c), Florida Statutes (Supp.1998). In Thompson's Rule 3.850 motion, he argued that two of the predicate convictions used to charge him with felony DWLS occurred prior to October 1, 1997. He noted that the First District Court of Appeal had ruled that convictions for DWLS occurring before that date could not be used as predicates for felony DWLS. See Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000). Thus, he argued that the court did not have jurisdiction to sentence Thompson in circuit court, as without those predicate offenses his crime was merely a misdemeanor. The trial court denied the motion, holding that the Huss change should not be retroactively applied.
On appeal, Thompson argues that the trial court erred as a matter of law because Huss did not change the law, but merely recognized the state of the law. He is incorrect. Huss represents a change in the law, but the ruling is not retroactive. See Martin v. State, 809 So.2d 65 n. 2 (Fla. 5th DCA 2002). Secondly, he argues that the trial court was without jurisdiction to enter its judgment. That argument, as Judge Sharp pointed out in Martin, "clearly lacks merit." See Martin; See also State v. Phillips, 463 So.2d 1136 (Fla.1985).
AFFIRMED.
THOMPSON, C.J., SAWAYA and PALMER, JJ., concur.
NOTES
[1] This court has jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(1)(A) and 9.140(b)(1)(D).