817 So.2d 864 (2002)
STATE of Florida, Appellant,
v.
Scott Alan CRAYCRAFT, Appellee.
No. 1D01-1327.
District Court of Appeal of Florida, First District.
April 10, 2002.
Rehearing Denied June 13, 2002.
Robert A. Butterworth, Attorney General, and Sherri T. Rollison, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellant.
William B. Richbourg, Pensacola, for Appellee.
POLSTON, J.
Appellee Scott Alan Craycraft was charged with violating section 322.34(5), Florida Statutes (1999)(unlawfully driving a motor vehicle on a highway while his driver's license had been revoked pursuant to § 322.264 (habitual offender)). It is undisputed that Appellee had previously received notice that his license had been revoked based on the administrative declaration that he was a habitual traffic offender pursuant to § 322.264, Fla. Stat. (1999).
Appellee filed a motion to dismiss the charges against him on the basis that the trial court lacked jurisdiction over him, claiming that in accordance with Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000), his convictions prior to October 1, 1997 for driving while his license was suspended could not be used to declare him a habitual traffic offender. The trial court granted his motion to dismiss, ruling that:
The First District's decision in Huss is applicable to Section 322.264 and Section 322.34(5). Any convictions for Driving with a Suspended or Revoked License that occurred prior to October 1, 1997 *865 lack the requisite knowledge element. Therefore, under Huss, these convictions may not be used to classify an individual as a habitual traffic offender, and accordingly may not be used to support a charge under Section 322.264 and 322.34(5).
Because all but one of Appellee's prior convictions for driving with a suspended or revoked license occurred prior to October 1, 1997, the trial court ruled that none of those charges may be used to enhance his charge to a felony pursuant to sections 322.264 and 322.34(5), and dismissed the case.
Appellant State of Florida argues on appeal that the trial court erred because (i) it did not have subject matter jurisdiction, and (ii) Huss was erroneously applied to offenses charged under section 322.34(5). Because we agree with the State that Huss was erroneously applied, we reverse.

I.
The State argues that Appellee did not file a notice of appeal seeking a review of the Department of Highway Safety and Motor Vehicle's final order classifying Appellee as a habitual traffic offender, and therefore the trial court did not have subject matter jurisdiction to review the administrative agency's order implicit in its dismissal of the subsequent felony offense.
We agree with Appellee that the trial court had subject matter jurisdiction because it did not overturn the findings of an administrative agency. Appellee was charged with violating section 322.34(5), Florida Statutes (1999), a third degree felony. Therefore, the circuit court has subject matter jurisdiction. See § 26.012(2)(d), Fla. Stat. (1999)(circuit courts have exclusive original jurisdiction of all felonies).

II.
In Huss, this Court reversed the conviction of felony driving while license suspended, in violation of section 322.34(2), Florida Statutes (Supp.1998), which states: "Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, ...." 771 So.2d at 591-92 (emphasis added).
The Court noted that section 322.34(2) was changed, effective October 1, 1997, to add the element of knowledge to the proof required for conviction thereunder, and stated that "[a]t the time appellant received the prior convictions, the statute did not require proof of `knowledge' as an element of the offense, and thus, his prior convictions cannot be counted as `convictions' under the 1997 provisions of section 322.34(2)." Id. at 592-93.
However, Appellee was charged with violating section 322.34(5) rather than section 322.34(2), and section 322.34(5) does not require the element of knowledge for conviction thereunder. Therefore, Huss is not applicable.
REVERSED and REMANDED for further proceedings.
WEBSTER and LEWIS, JJ., concur.