821 So.2d 449 (2002)
Kenny Wayne STUTTS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-437.
District Court of Appeal of Florida, First District.
July 19, 2002.
*450 Kenny Wayne Stutts, Pro Se, for Appellant.
Robert A. Butterworth, Attorney General; Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this appeal from the summary denial of his motion filed pursuant to Fla. R.Crim. P. 3.850, appellant has raised several claims of ineffective assistance of counsel. We affirm without further discussion on all claims, except the first, as to which we reverse.
Appellant pled guilty "straight up" to misdemeanor leaving the scene of an accident involving property damage, felony driving under the influence (DUI), and felony driving while license suspended or revoked (DWLSR). He was sentenced to consecutive five year prison terms for the latter two offenses. In his motion for postconviction relief, appellant claims that trial counsel was ineffective for failing to advise him that appellant's prior DWLSR convictions under Alabama law did not provide the requisite prior convictions for a Florida DWLSR felony conviction under section 322.34, Florida Statutes. Appellant alleges that because he was only guilty of misdemeanor DWLSR, counsel's error resulted in appellant's involuntary plea of guilty to the felony charged and a longer sentence. Appellant explained that because his previous Alabama DWLSR convictions do not contain the knowledge element of Florida's subsection 322.34(2), the Alabama statute was not sufficiently analogous to Florida law to establish a basis for the enhanced offense of felony DWLSR. He cited to this court's decision in Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000), in support of this argument.
For appellant's Alabama DWLSR convictions to serve as prior convictions for purposes of subsection 322.34(2), the elements of the Alabama provision must be substantially similar to the Florida statute. See Robinson v. State, 692 So.2d 883 (Fla. 1997) (holding that because elements of Georgia offense were not substantially similar to Florida offense, defendant's prior Georgia conviction could not serve as qualified offense for purposes of habitual felony offender sentencing); Holybrice v. State, 753 So.2d 621, 621 (Fla. 4th DCA 2000) (stating that in determining score of conviction from other states for guidelines sentencing purposes, elements of crime should be compared to Florida statute). A comparison of subsection 322.34(2)[1] and *451 the relevant Alabama Code provision[2] plainly reveals that the Florida DWLSR offense of which appellant was convicted contains an element not contained in the Alabama law.
In Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000), this court examined section 322.34, which was amended in 1997. After comparing the amended statute with the previous provision,[3] this court agreed with the defendant in Huss that the previous offense did not contain a "knowledge" element that was clearly contained in new subsection 322.34(2) under which Huss had been convicted of felony DWLSR. Because of this difference in the elements, our court held that under the "plain wording" of the new offense contained in subsection 322.34(2), DWLSR convictions under the predecessor provision could not be counted as prior convictions for purposes of new subsection 322.34(2). 771 So.2d at 593.
The application of the statutory analysis used in Huss to the instant case elicits the same result. Neither the prior Florida DWLSR provision nor the Alabama DWLSR provision contains the element of knowledge. Further, the notice provision contained in a related Alabama statute does not provide this missing element. See 771 So.2d at 593 n. 1. As a result, appellant's Alabama DWLSR convictions could not serve as the basis for enhancement under new subsection 322.34(2) because the Alabama law is not sufficiently similar to the Florida law.
The lower court rejected appellant's ineffective assistance claim below in part because Huss was not issued until after appellant was sentenced. When Huss issued is not determinative, however, because the requirement that offenses from other jurisdictions be sufficiently similar to the relevant Florida offense for treatment as prior offenses is a principle of long standing. Huss did not constitute a change in the decisional law of this state to which a Witt[4] retroactivity analysis would apply. Huss did not change the law; the legislature did when it created a new DWLSR offense. We merely stated the "plain meaning" of the new provision. Huss, 771 So.2d at 593. Accordingly, we certify conflict with Thompson v. State, 808 So.2d 284 (Fla. 5th DCA 2002) (holding *452 that "Huss represents a change in the law, but the ruling is not retroactive").
Based on the foregoing analysis, we affirm all other claims and reverse and remand only as to appellant's first claim.
BARFIELD, MINER and POLSTON, JJ., CONCUR.
NOTES
[1] Subsection 322.34(2) provides as follows in pertinent part:

Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon: ... (c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Although minor amendments, not relevant here, have changed the Alabama provision since appellant's convictions, the current law is substantially the same:

Any person whose driver's or chauffeur's license issued in this or another state or whose driving privilege as a nonresident has been cancelled, denied, suspended, or revoked as provided in this article and who drives any motor vehicle upon the highways of this state while his or her license or privilege is cancelled, denied, suspended, or revoked shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500), and in addition thereto may be imprisoned for not more than 180 days.
§ 32-6-19(a)(1), Ala.Code.
[3] Subsection 322.34(1) formerly provided as follows:

Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, and who drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon [first conviction is guilty of a misdemeanor, second conviction-a first degree misdemeanor, and three or more convictions is guilty of a third degree felony].
[4] Witt v. State, 387 So.2d 922, 931 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980)