824 So.2d 327 (2002)
Robert E. SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-5059.
District Court of Appeal of Florida, First District.
August 28, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant appeals the summary denial of his rule 3.850 motion for postconviction relief, claiming his conviction for driving while license suspended as a multiple offender was invalid, involuntary, and the result of ineffective assistance of counsel where he did not qualify for the conviction based on his prior offenses. Because the appellant's motion is facially sufficient and unrefuted by record attachments, we reverse for an evidentiary hearing or for the attachment of record portions that conclusively demonstrate that the appellant is not entitled to relief on this claim.
The appellant claims that he pled nolo contendere to driving while license suspended or revoked pursuant to section 322.34(2), Florida Statutes (2000), and under that statute could not receive an enhanced sentence for prior offenses committed under the previous statute which lacked the knowledge requirement contained in the current statute. See Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000). The trial court denied the motion, claiming that the appellant was charged and convicted as a habitual traffic offender pursuant to section 322.34(5), Florida Statutes (2001), and that, therefore, Huss did not apply. If in fact the appellant was convicted under section 5 of the 2001 statute, the appellant is not entitled to relief because that section does not contain a knowledge requirement. See Brown v. State, 764 *328 So.2d 741, 743-44 (Fla. 4th DCA 2000); State v. Cooke, 767 So.2d 468, 469 (Fla. 4th DCA 1999). However, since the trial court did not attach any records showing which statute the appellant was charged and convicted under, it is impossible to determine whether his claim has merit. See Fla. R.Crim. P. 3.850(d) (2002).
Accordingly, we reverse and remand to the trial court for further consideration.
REVERSED and REMANDED.
BOOTH, BENTON and VAN NORTWICK, JJ., concur.