832 So.2d 207 (2002)
Douglas JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1207.
District Court of Appeal of Florida, First District.
December 4, 2002.
*208 Appellant, pro se.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
By way of a timely notice of appeal, the appellant challenges the trial court's summary denial of his motion for postconviction relief and addendum thereto. We affirm the trial court's denial of the procedurally barred claim that the appellant raised in the addendum to his motion, but we reverse and remand the trial court's denial of the appellant's ineffective assistance of counsel claim, which was raised in the motion itself.
In the appellant's timely addendum to his rule 3.850 motion, the appellant claims that he was illegally convicted of felony driving while license is suspended or revoked, (hereinafter, DWLSR), because the prior convictions upon which the enhancement of his offense was based were obtained prior to October 1, 1997, in violation of this Court's ruling in Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000). The appellant does not couch this claim in terms of ineffective assistance of counsel or involuntary plea; he merely claims that his conviction is invalid because of the Huss violation. As did the appellant in Huss, the instant appellant could have presented this claim in this form to the trial court prior to entry of his plea, and, if properly preserved, could have sought review of this issue upon direct appeal. See Huss, 771 So.2d at 591. As such, this claim is procedurally barred from this postconviction motion. See Fla. R.Crim. P. 3.850(c).
However, we reverse as to the appellant's remaining claim. The appellant alleges that his counsel was ineffective for allowing him to plead to felony DWLSR without advising him of the possibility that he could have avoided an adjudication of guilt by taking advantage of the procedures available to certain DWLSR defendants in section 318.14(10), Florida Statutes (2000). Under this section, any person who has been cited for operating a motor vehicle with a license that has been suspended for failure to appear, failure to pay a civil penalty, or failure to attend a driver improvement course may
in lieu of payment of fine or court appearance, elect to enter a plea of nolo contendere and provide proof of compliance to the clerk of the court.... In such case, adjudication shall be withheld; however, no election shall be made under this subsection if such person has made an election under this subsection in the 12 months preceding election hereunder. No person may make more than three elections under this subsection. By enacting this section, the legislature recognized that leniency was appropriate for certain types of license suspensions. Subsection (10) allows a person to reinstate his or her driver's license with the clerk prior to the court appearance date indicated on the citation or notice to appear.
See Raulerson v. State, 763 So.2d 285, 292 (Fla.2000). Because his plea was allegedly entered without knowledge of this statutory avenue for leniency, the appellant seeks to withdraw his plea.
The trial court's summary denial of this claim was based primarily on two facts. First, the appellant apparently failed to appear for his original court date. Because the appellant failed to appear, the trial court opined that section 318.14(10), which requires proof of compliance prior to the court appearance date, was closed to *209 the appellant, and therefore, his counsel's failure to learn of its existence did not result in prejudice. We disagree. If the appellant's allegation is true, then he never knew of this opportunity or its attendant requirements. It cannot be assumed that, had the appellant been properly advised, he still would have failed to appear. Moreover, failure to provide proof of compliance prior to the court appearance date cannot act as a strict bar to the benefit of this statute, because
Traffic Rule 6.360(b) authorizes the clerk to allow a person up to 60 additional days to reinstate the license. If a defendant still needs additional time to comply with section 318.14(10), a judge or traffic hearing officer may extend the time for compliance. Fla. R. Traf. Ct. 6.360(b); 6.040(a).
See Raulerson, 763 So.2d at 292. But compare Carter v. State, 763 So.2d 1134, 1134 (Fla. 4th DCA 1999)(affirming the summary denial of an appellant's claim that he was entitled to resolve his felony DWLSR administratively through section 318.14(10) because the appellant failed to avail himself of the statute until more than three months after his appearance date).
The second basis for the trial court's summary denial of this claim is that the appellant did not sufficiently plead that he was prejudiced because the appellant failed to state that but-for his counsel's ineffectiveness, he would not have pled, but would have insisted on going to trial. Although ordinarily an appellant who is claiming ineffective assistance of counsel is required to allege this fact to show prejudice, see, e.g., Mason v. State, 742 So.2d 370, 371 (Fla. 1st DCA 1999), such a requirement is misplaced in this context because a defendant must still plead nolo contendere in order to take advantage of section 318.14(10).
Furthermore, although it is clear that not every type of felony DWLSR may be circumvented by section 318.14(10), the appellant has alleged that he met the criteria for treatment under this statute, and that if his counsel had merely told him of its existence, then he could have avoided the 53-month sentence that he is now serving. We conclude that under the circumstances of this case, the appellant has lodged a facially sufficient allegation that his counsel's performance was deficient and that the deficiency influenced the outcome of the proceedings. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We therefore affirm the trial court's summary denial of the appellant's procedurally barred Huss claim, but we reverse the summary denial of this claim of ineffective assistance of counsel and remand the cause to the trial court with instructions to either refute this claim by attachment of record excerpts conclusively demonstrating that the appellant is not entitled to relief, or to hold an evidentiary hearing.
REVERSED AND REMANDED.
ERVIN, BOOTH and BROWNING, JJ., CONCUR.