833 So.2d 288 (2002)
Michael A. BOWEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1038.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
*289 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
This is a direct appeal of a judgment and sentence entered after defendant, Michael A. Bowen ["Bowen"], pled guilty to driving while license revoked as a habitual offender.
Bowen was charged by information with driving while license revoked as an habitual offender, pursuant to section 322.34(5), Florida Statutes (2001):
Any person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
He pled guilty as charged with the understanding that the prosecutor would recommend sixteen months in the Department of Corrections. Bowen was sentenced on February 26, 2002 to sixteen months in the Department of Corrections.
On March 26, 2002, before the time for taking an appeal had expired, Bowen filed a pro se motion to correct an illegal sentence, arguing that he could not be considered a habitual traffic offender within the meaning of section 322.264, Florida Statutes, because he had only two qualifying traffic convictions within the preceding five years.
Bowen filed a notice of appeal before his motion could be ruled upon. He then filed an amended motion to correct an illegal sentence, stating that the motion was made pursuant to rule 3.800(b)(2) due to his pending appeal. The motion again argued that Bowen did not qualify as an habitual offender, since he had only two convictions within a five-year period. In addition, he contended that convictions obtained prior to October 1, 1997 could not be used as qualifying offenses under Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000).
First, we note that Bowen has not moved to withdraw his plea. Although couched as an illegal sentence, Bowen's complaint is that his plea of guilty should be set aside because he did not qualify for the charge. This claim is not cognizable on direct appeal. Griffin v. State, 820 So.2d 906 (Fla.2002), Caples v. State, 790 So.2d 1143 (Fla. 5th DCA 2001).
Second, contrary to Bowen's assumption, proof that he had accumulated three of the enumerated convictions within a five-year period preceding his conviction is not required to establish a violation of section 322.34(5), Florida Statutes (2000). See Arthur v. State, 818 So.2d 589, 590-91 (Fla. 5th DCA 2002).
Finally, Huss has no application to a prosecution under section 322.34(5) for driving while one's license is suspended as a habitual offender. See Simmons v. State, 824 So.2d 327 (Fla. 1st DCA 2002).
AFFIRMED.
HARRIS and SAWAYA, JJ., concur.