852 So.2d 286 (2003)
Chutney OXENDINE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1623.
District Court of Appeal of Florida, Fifth District.
June 27, 2003.
Rehearing Denied August 19, 2003.
Chutney Oxendine, Daytona Beach, pro se.
No Appearance for Appellee.
GRIFFIN, J.
Appellant appeals the summary denial of his Rule 3.800(a) motion to correct illegal sentence.[1] In St. Johns County, three of appellant's cases were consolidated, and appellant entered nolo contendere pleas to all charges including two separate offenses *287 of felony driving while license suspended, revoked or cancelled ("DWLS"). Appellant now claims that he should not have been convicted of these felonies because one of the prior DWLS misdemeanor convictions should not have been used to reclassify the current offenses to felonies. Appellant asserts that his prior offense was committed under a previous statutory version of DWLS which did not require "knowledge" as an element. See generally Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000).
Rule 3.800(a) provides a remedy for the correction of illegal sentences. Appellant's argument is an attack on his DWLS convictions as he claims he should have been convicted of misdemeanors, not felonies. Because appellant entered nolo contendere pleas to two felony DWLS charges, this issue was waived. Appellant's remedy would have been a timely 3.850 motion alleging involuntary plea based on ineffective assistance of counsel. See Caples v. State, 790 So.2d 1143 (Fla. 5th DCA 2001).
AFFIRMED.
SHARP, W., and PETERSON, JJ., concur.
NOTES
[1] Appellant mistakenly characterizes his motion to correct illegal sentence as being filed pursuant to "Rule 3.850(a)." The instant motion could not be treated as a 3.850 motion as it would be untimely. Appellant's direct appeal resulted in an affirmance, the mandate issuing on February 9, 2001. (Appeal No. 5D00-1619). Appellant's motion was "filed" under the mailbox rule more than two years later on April 9, 2003. See Fla. R.Crim. P. 3.850(b).