856 So.2d 1095 (2003)
Jerry WARREN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2818.
District Court of Appeal of Florida, Fifth District.
October 17, 2003.
*1096 Jerry Warren, Leesburg, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
After entering an open plea, Jerry Warren was convicted of felony DUI and felony driving with a suspended or revoked license as a habitual traffic offender. He now appeals the trial court's order summarily denying his Rule 3.850 motion. We affirm in all respects, and write only to address Warren's argument that he is entitled to relief under Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000) with regard to his conviction for felony driving with a suspended or revoked license.
Relying upon Huss, Warren argues that his trial counsel was ineffective for failure to object to the charge of driving with a suspended or revoked license being reclassified as a felony. We agree with the trial court that Huss is distinguishable under the circumstances.
In Huss, the charge of driving with a suspended or revoked license had been reclassified to the level of a third-degree felony because the defendant therein had previously been convicted of driving with a suspended or revoked license two or more times contrary to section 322.34, Florida Statutes. At the time defendant committed the offense at issue, section 322.34(2) required knowledge of the suspension or revocation of license. In contrast, at the time defendant committed the prior predicate offenses, the statute did not require such knowledge. As a result, Huss held that the prior convictions could not be used for enhancement under the current version of the statute.
However, unlike the situation in Huss, in the instant case Warren was charged with driving with a suspended or revoked license as a habitual traffic offender pursuant to section 322.34(5). Additionally, the attachments to the trial court's order reflect that the Department of Highway Safety and Motor Vehicles had designated him as a habitual traffic offender back on April 19, 1989. Consequently, as the trial court observes in its order, it is the fact that the Department has designated Warren as a habitual traffic offender "based on his driving record, and has thereby revoked his license, and not the underlying traffic offenses themselves, which is the element of the offense." In light of this *1097 circumstance, the state was only required to prove that Warren's license was suspended or revoked as a habitual traffic offender and that he drove a vehicle upon the highways of the State of Florida. See Arthur v. State, 818 So.2d 589 (Fla. 5th DCA 2002) (en banc), review denied, 839 So.2d 697 (Fla.2003). As we explained in Bowen v. State, 833 So.2d 288, 289 (Fla. 5th DCA 2002), "Huss has no application to a prosecution under section 322.34(5) for driving while one's license is suspended as a habitual offender."
Warren's remaining grounds are meritless and do not warrant discussion.
AFFIRMED.
ORFINGER and MONACO, JJ., concur.