862 So.2d 822 (2003)
Comer H. BRYAN, III, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1383.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
*823 James B. Gibson, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Charlie J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Comer H. Bryan, III appeals his sentencing for violation of probation on the charge of driving while license suspended. We affirm.
On 13 March 2000, Bryan was charged by information with one count of felony driving while license suspended or revoked ("DWLSR"), a violation of section 322.34(2)(c), Florida Statutes (1999). The state charged that Bryan had five prior convictions for DWLSR.[1] Bryan entered a plea of nolo contendere preserving no appellate issues and was adjudicated guilty. Pursuant to a plea agreement, the trial court imposed a sentence of 11 months and 29 days, suspended upon the successful completion of two years' community control. In March 2002, the state charged Bryan with violating community control. Bryan moved to withdraw his original plea, asserting that his prior convictions did not elevate the offense to a third-degree felony. The trial court denied his motion to withdraw his plea. Bryan entered a plea to the violation, but did not preserve the Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000) ruling as an issue on appeal. The trial court revoked Bryan's probation and sentenced him to 24 months in the Department of Corrections.[2]
On appeal, Bryan argues that pursuant to Huss,[3] his prior convictions cannot be used as a predicate for a conviction of felony DWLSR because the prior convictions occurred before section 322.34(2)(c) was amended in 1997. We disagree with this argument and affirm based upon our rulings in Martin v. State, 809 So.2d 65 (Fla. 5th DCA 2002) and Thompson v. State, 808 So.2d 284 (Fla. 5th DCA), rev. granted, 826 So.2d 994 (Fla.2002). The retroactivity argument was made to this court and rejected. In Martin, we held that "the holding in Huss is not a retroactive change in the law." Martin, 809 *824 So.2d 65, n. 2. In Thompson, we stated that Huss was not retroactive:
On appeal, Thompson argues that the trial court erred as a matter of law because Huss did not change the law, but merely recognized the state of the law. He is incorrect. Huss represents a change in the law, but the ruling is not retroactive. See Martin v. State, 809 So.2d 65 n. 2 (Fla. 5th DCA 2002).[4]
AFFIRMED.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] Bryan was convicted of DWLRS on 2 October 1989, 30 September 1988, 20 December 1991, 4 May 1992, and 19 January 1995.
[2] The trial court granted Bryan's 3.800(b)(2) motion to correct Bryan's sentence, adjudicated him guilty, and imposed the suspended sentence of 11 months and 29 days.
[3] In Huss, the defendant argued that section 322.34(2)(c) had been amended effective 1 October 1997 to "require knowledge as an essential element of the offense." Id. at 592. Huss's other convictions occurred before the statute was amended in 1997, and Huss argued that his prior convictions did not qualify as predicate convictions under the current statute because convictions under the prior statute did not require knowledge as an essential element of the offense. Id. The First District agreed that because prior convictions did not have the knowledge requirement in the statute, they could not be used as a predicate to enhance a defendant's sentence from a misdemeanor to a third-degree felony. Id. at 593.
[4] We note that the First District has certified conflict with this district's opinion in Thompson. See Stutts v. State, 821 So.2d 449 (Fla. 1st DCA 2002).