GRIFFIN, J.
Appellant, Leon M. O’Quinn [“O’Quinn”], appeals the trial court’s order denying his 3.850 motion. O’Quinn raises two primary issues. First, O’Quinn argues that the trial court erred in failing to appoint counsel to assist him in his motion. Second, O’Quinn contends that the trial court erred in finding that counsel was not ineffective. As to the former, we find no error. As to the latter, we conclude that trial counsel did render ineffective assistance in advising O’Quinn concerning his plea to felony driving while license suspended.
On September 22, 2000, the State charged O’Quinn by information with one count of driving under the influence resulting in serious bodily injury to another, section 316.193(1) & (3)(a), (b) & (c)2, Florida Statutes (2000) (count I), and one count of felony driving while license suspended, revoked, or canceled, section 322.34(2)(c), Florida Statutes (2000) (count II). O’Quinn plead nolo contendere to the charges in September 2001. On November 6, 2001, the trial court sentenced him to 82.2-months’ imprisonment (count II) and to five-years’ probation (count I), with the sentences to be served consecutive to each other.
O’Quinn filed a timely Florida Rule of Criminal Procedure 3.850 motion on July 12, 2002, alleging ineffective assistance of trial counsel. We find merit in only one claim of ineffective assistance of counsel. O’Quinn argued that his trial counsel failed to investigate and prepare a proper de *1021 fense against count II, driving while license suspended/revoked, because his counsel faded to discover and failed to advise him that he did not qualify for a felony charge on this count. Relying on Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000), O’Quinn maintained that the State improperly used his prior convictions to reclassify his sentence as a third-degree felony. O’Quinn claimed that his convictions had all occurred prior to 1997 when the legislature amended section 322.34 to include a “knowing” element. Under Huss, pre-1997 convictions cannot be used to reclassify the charge to a third-degree felony, and he was prejudiced by receiving a sentence for a third-degree felony.
The trial court entered an interim order on O’Quinn’s motion granting the Rule 3.850 motion in part and denying in part. Regarding Issue I, the trial court found it did have jurisdiction over the driving while license suspended or revoked charge because circuit courts have jurisdiction over all misdemeanors arising out of the same circumstances as the felony on which it was charged. The trial court set the remainder of this issue for an evidentiary hearing to determine the voluntariness of his plea.
O’Quinn’s trial counsel testified that O’Quinn was arraigned in December of 2000. Trial counsel admitted that he had not informed O’Quinn of the Huss decision, which was issued on November 9, 2000, because he was not aware of it. Trial counsel stated that he had looked up O’Quinn’s criminal history record and his driving record and advised O’Quinn that, based on these records, O’Quinn was going to do prison time. Moreover, trial counsel testified that there was very damaging evidence in the case, including the testimony of April Morse who had been a passenger in O’Quinn’s car. Morse would have testified that O’Quinn switched places with her and tried to get her to say she was driving because he did not have a license. Also, O’Quinn’s blood sample indicated that he had a variety of drugs in his system, including cocaine.
After the hearing, the trial court found as fact that O’Quinn was aware that his license was suspended at the time of the accident in 2000, and denied the motion. The court did not address the prior convictions issue, nor does the State on appeal. O’Quinn is correct that, under Huss, the State could not have utilized his prior convictions for driving while his license was revoked to reclassify the charge as a third-degree felony. In 1997, the legislature amended section 322.34(2)(c) to require a “knowing” element. In Huss v. State, the court concluded that convictions prior to 1997 could not be used to reclassify the charge to a third-degree felony. He contends he would not have entered a plea had he known this charge was a misdemeanor, not a felony. An examination of O’Quinn’s driving record establishes that his prior convictions did occur prior to 1997.
Although this Court has never explicitly adopted the holding of Huss,[1] Huss was the controlling law in Florida when O’Quinn pled and was sentenced. See e.g., State v. Craycraft, 817 So.2d 864, 864-65 (Fla. 1st DCA 2002). Since O’Quinn pled *1022 guilty to a felony when the offense could not be classified as a felony, we are bound to conclude that trial counsel was ineffective in failing to be aware of Huss and to counsel his client about it. O’Quinn seeks to be allowed to withdraw his plea because of this error. He is entitled to do so.
AFFIRMED in part, REVERSED in part, and REMANDED.
SHARP, W., and PETERSON, JJ., concur.

. There are arguments against Huss. Huss arguably contravenes legislative intent because it essentially grants defendants amnesty for convictions obtained under the pre-amendment version of 322.34(1). Thus, despite having prior convictions which are valid, and despite the express legislative intent of more severely punishing repeat offenders, a defendant with a prior conviction under the pre-amendment statute will only be subject to misdemeanor charges. Thompson v. State, 808 So.2d 284 (Fla. 5th DCA 2002), review granted, 826 so.2d 994 (Fla.2002).