GRIFFIN, J.
Appellant, Gary Capíes [“Capíes”], appeals the lower court’s denial of his motion to withdraw a plea. We find no error and affirm.
Capíes was arrested in February 1999, and subsequently charged with robbery, driving while license suspended/revoked and obtaining property by means of worthless check. In October 1999, he entered into a plea agreement pursuant to which he was sentenced to eight years for robbery, two five-year terms for felony driving with license suspended or revoked and a five-year term for obtaining property by means of worthless check. All sentences were to run concurrently.
Approximately a year and one-half later, Capíes filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), claiming that his sentences for driving while license suspended or revoked were illegal, based on the decision of the First District Court of Appeal in Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000). In Caples v. State, 790 So.2d 1143 (Fla. 5th DCA 2001) [“Capíes I”], this court affirmed the trial court’s denial of that motion. The panel commented that: “his means of relief, if indeed he is entitled to relief, is by withdrawing his plea ...” Id. at 1144.
On August 31, 2001, Capíes filed his amended motion to withdraw plea, setting forth three principal grounds: (1) that his plea was “contractually void” based on a material mistake of law, i.e. that his offenses were felonies, not misdemeanors; (2) that his plea had been coerced and that he had not understood the elements of the charges against him; and (3) that his plea was involuntary because he had been advised that he would not have post-incarceration supervision, but subsequently learned that he was exposed to conditional release supervision. The trial court de *1262 nied Capíes’ motion to withdraw his plea on all three grounds.
In Capíes I, this court took pains to make clear that a motion to withdraw plea was a possible available remedy, not a certain remedy. The trial court considered all the relevant facts and circumstances and determined that it was not appropriate to permit Capíes to withdraw his plea. We have no basis to reverse the trial court’s decision.[1]
AFFIRMED.
SAWAYA and MONACO, JJ., concur.

. Capíes filed a separate 3.850 motion seeking collateral relief claiming his plea was involuntary based on ineffective assistance of counsel, see O’Quinn v. State, 860 So.2d 1020, 2003 WL 22867657 (Fla. 5th DCA Dec.5, 2003). The trial court denied relief and this court has affirmed. Caples v. State, 861 So.2d 1169 (Fla. 5th DCA 2003).