917 So.2d 213 (2005)
Maxime JULIEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2447.
District Court of Appeal of Florida, Fourth District.
October 19, 2005.
Rehearing Denied January 25, 2006.
Carey Haughwout, Public Defender, and Frederick Arthur Mullins, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Maxime Julien was arrested for shoplifting some shoes from Burdines Department Store. A first-time offender, pled guilty to grand theft and was placed on probation. As a result of his plea, the United States commenced removal proceedings to rescind his permanent residence status and remove him to Haiti. Julien filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel. In his amended motion for postconviction relief, Julien alleged that his attorney was ineffective in failing to inform him of his option to apply for the Pretrial Intervention Program (PTI), and in failing to investigate his claim that he should have been charged with misdemeanor petit theft instead of felony grand theft because the value of the stolen merchandise was under $300.
The trial court summarily denied relief on Julien's claim that his attorney failed to investigate whether he was overcharged. The court conducted an evidentiary hearing on his claim that his attorney failed to inform him about the PTI program. After the hearing, the court also denied relief on this claim. Julien appeals both rulings. We affirm the trial court's summary denial of appellant's post-conviction motion concerning counsel's failure to investigate an overcharge, but reverse denial of the motion based on counsel's failure to advise him of the PTI program.
At the hearing, appellant testified that his attorney never informed him about the PTI program. He said that he would not have entered a guilty plea to the theft charge if he had been aware of the program. *214 Instead, he would have applied for admission to PTI.
Pierre Mitchell Miot, appellant's friend, who interpreted court proceedings for him, testified. Miot testified that when he went to court with appellant, he never heard counsel discuss the PTI program with appellant.
Lawrence Schweiker, the assistant public defender who represented appellant on the theft charge, also testified. Schweiker testified that he could not remember whether he discussed PTI options with appellant. He speculated that he might not have discussed PTI options with appellant because of appellant's citizenship and because some of the department stores were not agreeing to PTI. Schweiker also testified that at the time he represented appellant, he did not have a general habit of informing clients about PTI options.
Mickey Rocque, a trial lawyer and law professor, testified as an expert in the area of criminal law. Rocque testified that he was very familiar with the PTI program and that he had helped draft the current PTI statute. He said that when he represents a client charged with a crime, he always asks the client about his citizenship and his prior record. He explained that the client's prior record will determine his eligibility for PTI, and that it is imperative to find out about his citizenship because if the client is not a United States citizen, the PTI program is the best way to handle a case. He added that PTI is often the only way to handle a case to avoid immigration consequences. He said that immigration consequences sometimes outweigh the criminal penalties.
In Attorney Rocque's opinion, to effectively and properly represent a defendant who is not a United States citizen, an attorney must always investigate the possibility of the PTI program and advise the client about resolving the case through PTI. He maintained that a plea, even when adjudication is withheld, is more difficult to argue in immigration court than a charge which was not prosecuted. When asked on cross-examination whether PTI is a reasonable alternative for a defendant, who, like appellant, is reluctant to admit guilt to a felony offense, Rocque explained that, for immigration purposes, acknowledging guilt to enter the PTI program is preferable to pleading no contest to an offense. This is so because a no contest plea is considered the same as a guilty plea and a withheld adjudication is considered the same as a conviction. He noted that the PTI program does not require a "full-blown confession" and will often accept defendants who dispute the charges or provide a "statement consistent with guilt." He added that though "a statement consistent with guilt or a statement admitting to one's guilt is not a good thing, the dismissal of the charge is a tremendous thing."
Appellant established the following: (1) he was eligible to apply for the PTI program; (2) he had no prior criminal record that would have prevented him from being accepted; (3) he met the PTI residency requirements because he was a lawful permanent resident of the United States and would have been a resident of Broward County for the twelve months preceding his application for admission into the program; (4) though the program is discretionary, the State Attorney's Office routinely approves similarly charged persons for PTI; (5) there is a reasonable probability that appellant would have been accepted into PTI had he applied, and, based on his successful completion of probation, that he would have completed PTI, and (6) his counsel failed to advise him of the PTI program.
The trial court denied his motion for post-conviction relief without stating any *215 reasons. The court did not make a factual finding and the record does not support a finding, that appellant's attorney informed him of the PTI program. We agree with appellant that he met both prongs of the Strickland test: deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In reviewing a trial court's application of Strickland to an ineffective assistance of counsel claim, we apply an independent standard of review, because the claim is a mixed question of law and fact. See Stephens v. State, 748 So.2d 1028, 1032 (Fla. 1999). Although an appellate court must give deference to the trial court's factual findings that are based on competent, substantial evidence, the de novo standard of review applies to both prongs of the Strickland test. Id. at 1033-34.
In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the United States Supreme Court established a two-pronged test for determining claims of ineffective assistance of counsel relating to guilty pleas. The first prong is the same as the deficient performance prong of Strickland. As to the second prong, a defendant must demonstrate "a reasonable probability that, but for counsels errors, the defendant would not have pleaded guilty and would have insisted on going to trial." Id. at 59, 106 S.Ct. 366.
In this case, there was sufficient evidence that defense counsel's failure to inform appellant of PTI was deficient in that it "fell below an objective standard of reasonableness" based on "prevailing professional norms." Strickland, 466 U.S. at 688, 104 S.Ct. 2052.
Florida Rule of Criminal Procedure 3.171(c)(2)(B) places a responsibility upon defense counsel to advise a defendant of all plea offers and "all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof, as well as any possible alternatives that may be open to the defendant." (Emphasis supplied). As the criminal law expert explained, the PTI program is a "possible alternative" available to a first-time offender. For a first-time offender facing immigration consequences, the program is critical. A defendant derives a "tremendous" benefit by having his charge dismissed after completing the program. Considering these factors, we conclude that defense counsel's failure to inform appellant of this possible alternative constituted a deficient performance. See Jones v. State, 832 So.2d 207 (Fla. 1st DCA 2002) (holding that movant for post-conviction relief, who alleged that his counsel was ineffective in allowing him to plead to felony driving while license is suspended or revoked (DWLSR) without advising him of statutory avenue for leniency available to certain DWLSR defendants, made a facially sufficient allegation warranting further post-conviction proceedings); Cottle v. State, 733 So.2d 963, 967 (Fla.1999) (noting that Florida courts, along with other state and federal courts, recognize ineffective assistance claims based on counsel's failure to convey a plea).
As in Cottle, the prejudice suffered by appellant was the inability to make an informed decision as to whether to accept a plea offer. The supreme court in Cottle rejected any requirement for a defendant to prove whether a trial court would have actually accepted a plea that was not conveyed. Likewise, we reject the state's argument in its prejudice prong analysis that appellant had to demonstrate a reasonable possibility that he would have applied to the program, been approved by the State Attorney's Office and the victim, accepted into the program, and successfully completed it. We agree with appellant that he *216 sufficiently met Strickland's prejudice prong by demonstrating a reasonable probability that, but for counsel's error in failing to advise him of the PTI alternative, he would not have pleaded guilty but instead would have applied to the PTI program.
For the reasons stated above, we reverse the denial of appellant's motion for post-conviction relief and remand with directions to give appellant the opportunity to withdraw his plea.
Affirmed in part, Reversed in part, and Remanded.
POLEN and HAZOURI, JJ., concur.