971 So.2d 864 (2007)
Stanley D. COBB, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D07-85, 2D07-316.
District Court of Appeal of Florida, Second District.
November 16, 2007.
Rehearing Denied January 23, 2008.
*865 CASANUEVA, Judge.
In these two appeals, which we have consolidated for the purpose of this opinion, Stanley Cobb appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the record does not conclusively refute Mr. Cobb's claims alleging ineffective assistance of counsel in failing (1) to interview witnesses, (2) to file a motion to suppress, or (3) to object when he was convicted as a habitual traffic offender when he did not have the qualifying offenses needed, we reverse in part. We affirm the postconviction court's order in all other respects.
Mr. Cobb pleaded guilty in various cases to multiple counts of possession and sale of cocaine and multiple counts of driving while license suspended or revoked. He was sentenced to fifteen years' prison on the sale of cocaine charges and five years' prison on the possession of cocaine charges as a habitual felony offender (HFO). Mr. Cobb was also sentenced to ten years' prison on the driving while license suspended or revoked charges as a habitual traffic offender (HTO). Mr. Cobb appealed his judgments and sentences and this court affirmed. See Cobb v. State, 871 So.2d 220 (Fla. 2d DCA 2004).
In claim one of his timely rule 3.850 motion, Mr. Cobb alleges that his plea was involuntarily and unintelligently entered due to his counsel's misadvice. Mr. Cobb contends that his counsel told him that a suppression hearing had been held when, in fact, it had not. Mr. Cobb alleges that if his counsel had done an effective job of filing a motion to suppress, the motion would have been granted and he would have insisted on going to trial. He also asserts that his counsel told him that he had interviewed witnesses for the suppression hearing but that in fact, he had not *866 done so. Mr. Cobb set out in his motion the names of the witnesses his counsel failed to interview for the suppression hearing, the substance of their potential testimony, their availability to testify, and the outcome-changing nature of their testimony.
The postconviction court found that Mr. Cobb's motion was not facially sufficient. We disagree. Mr. Cobb has sufficiently alleged that but for his counsel's ineffective assistance he would have gone to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Moreover, Mr. Cobb has also sufficiently alleged that his counsel failed to interview witnesses for the suppression hearing. See Nelson v. State, 875 So.2d 579, 583-84 (Fla.2004). Therefore, we reverse and remand as to those claims.
Additionally, in the claim asserted in his sworn memorandum of law attached to his motion, Mr. Cobb alleged that he was erroneously convicted and sentenced as a HTO for felony driving while license suspended or revoked. Mr. Cobb alleges that his convictions for offenses committed on March 18, 1997, and April 2, 1997, could not be used to habitualize his current convictions because the prior offenses occurred under a previous statute that did not require "knowledge" of cancellation, suspension, or revocation.
At the time Mr. Cobb received the prior convictions, the statute did not require proof of "knowledge" as an element of the offense, and thus, his prior convictions cannot be counted as "conviction" under the 1997 provisions of section 322.34(2), Florida Statutes (1997). Huss v. State, 771 So.2d 591, 592 (Fla. 1st DCA 2000). Therefore, only convictions committed after the revision can be used to enhance under the prescribed statute. Id. If Mr. Cobb's convictions for prior offenses were truly committed before October 1997, they cannot be used as qualifying offenses. However, the postconviction court failed to attach portions of the record conclusively refuting Mr. Cobb's claim. See Simmons v. State, 824 So.2d 327 (Fla. 1st DCA 2002) (reversing because record attachments did not conclusively refute movant's allegations that he was erroneously convicted under section 322.34(2) when he did not have the qualifying offenses).
Accordingly, we reverse and remand to the postconviction court to address these claims and, if it denies them, to attach portions of the record conclusively refuting Mr. Cobb's claims or to conduct an evidentiary hearing. In all other respects, we affirm.
Affirmed in part, reversed in part, and remanded.
WHATLEY and DAVIS, JJ. Concur.