980 So.2d 624 (2008)
Antonio L. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3443.
District Court of Appeal of Florida, Fourth District.
May 7, 2008.
*625 Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
Appellant, Antonio Jones, appeals his conviction and sentence for felony criminal mischief which was based on a guilty plea. We affirm and write only to distinguish Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000).
By way of background, Appellant was charged by information with misdemeanor criminal mischief under sections 806.13(1)(a) and (b), Florida Statutes (2006). The information went on to enhance the misdemeanor to a third degree felony under section 806.13(1)(b)4, Florida Statutes (2006), because Appellant was previously convicted of misdemeanor criminal mischief in 1993. Appellant entered a guilty plea and was sentenced as a habitual felony offender.
Appellant relies on Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000), to contend that his 1993 conviction for misdemeanor criminal mischief is precluded from use as an enhancement under section 806.13(1)(b)4 because subsection (b)4 was not added to the statute until 1998. In Huss, the First District ruled that convictions for driving while license suspended (DWLS), prior to a statutory amendment requiring the element of knowledge, could not be used to enhance a post-amendment DWLS offense to a felony. Id. at 591-93. Unlike Huss, the amended statute here did not add an element to the qualifying offense.
Here, the elements of the underlying charge were not changed by the amendment to the statute. Subsection (b)4 provides only: "If the person has one or more previous convictions for violating this subsection, the offense under subparagraph 1. or subparagraph 2. for which the person is charged shall be reclassified as a felony of the third degree. . . ." § 806.13(1)(b)4, Fla. Stat. (1999). Therefore, under section 806.13(1)(b)4, the instant post-amendment offense was permissively enhanced by the pre-amendment convictions. See Plain v. State, 720 So.2d 585, 586 (Fla. 4th DCA 1998) (the Prison Release Re-Offender Act, which increases the penalty for an offense committed after the Act, based on a conviction occurring prior to the Act, is not an unconstitutional ex post facto law). Accordingly, Appellant was properly and unambiguously charged with a felony under section 806.13(1)(b)4.
Affirmed.
SHAHOOD, C.J., and HAZOURI, J., concur.